RANDOLPH COUNTY HOSPITAL, Kenneth D. Watkins, M.D. and C.R. Miranda, III, M.D., Appellants–Defendants,

v.

Jan LIVINGSTON, Administratix of the Estate of David Craig Livingston, Deceased, Appellee–Plaintiff.

No. 33A04–9408–CV–315.

Court of Appeals of Indiana.

June 8, 1995.

Rehearing Denied Aug. 28, 1995.

Robert J. Shula, Richard S. Pitts, Lowe Gray Steele & Hoffman, Robert G. Zeigler, Zeigler Carter Cohen & Koch, James W. Brauer, Stewart & Irwin, Indianapolis, for appellants.

Robert W. Wade, Bishop, Smith, Bishop & Wade, James P. Cavanaugh, III, Moore & Gaston, Indianapolis, for appellee.

## OPINION

CHEZEM, Judge.

*Case Summary*

Defendants–Appellants, Randolph County Hospital ("the Hospital"), Kenneth D. Watkins, M.D. ("Watkins"), and C.R. Miranda,

III, M.D. ("Miranda"), appeal the trial court's order denying their respective motions for summary judgment. We affirm.

## Issues

Defendants present two issues which we rephrase as follows:

I. Whether, when faced with a summary judgment motion supported solely by a medical review panel opinion that Defendants did not fail to meet the appropriate standard of care, plaintiff had to present expert evidence refuting every element of malpractice; and

II. If only required to present expert evidence to refute the standard of care issue, did plaintiff present sufficient evidence.

## Facts and Procedural History

In March of 1990, David Livingston ("Decedent") went to Watkins complaining of abdominal pains. Watkins diagnosed gallstones. On March 23, 1990, Miranda performed surgery at the Hospital to remove Decedent's gall bladder. One week after surgery, Decedent was readmitted to the Hospital because of continued vomiting. Decedent spent the next week in the Hospital and died there on April 7, 1990. An autopsy listed "peritonitis due to small bowel perforation" as the cause of death.

Jan Livingston ("Livingston"), as administratrix of Decedent's estate, filed a proposed complaint with the Indiana Department of Insurance alleging that Decedent's death was caused by the negligence of Defendants in failing to diagnose and treat Decedent's peritonitis condition. A medical review panel was convened, as governed by Ind.Code § 27–12–1–1, and that panel rendered the opinion that Defendants had not failed to meet the applicable standard of care. Livingston then filed a complaint in the trial court. Defendants filed motions for summary judgment based solely upon the favorable medical review panel opinion. Livingston filed a response and the affidavits of two physicians in opposition to the summary judgment motions.

Following a hearing on the matter, the trial court took the matter under advisement, and later denied Defendants' respective motions for summary judgment. Defendants filed a petition in this court to take a permissive interlocutory appeal pursuant to Appellate Rule 4(B)(6). We granted that petition.

## Discussion and Decision

### I.

Defendants argue that the denial of their summary judgment motions was improper because Livingston failed to meet her burden of presenting expert evidence sufficient to overcome the favorable medical review panel opinion.

Our standard of review of summary judgment determinations is well-established. Like the trial court, we determine whether there is a genuine issue of material fact and whether the moving party is entitled to judgment as a matter of law. *Economy Fire & Casualty Co. v. Collins* (1994), Ind.App., 643 N.E.2d 382, 384, *reh. denied.* We liberally construe all designated evidentiary matter in favor of the non-moving party and resolve any doubt against the moving party. *Halbe v. Weinberg* (1995), Ind.App., 646 N.E.2d 995, 997. Even if it appears that the non-moving party will not succeed at trial, summary judgment is inappropriate where material facts conflict or undisputed facts lead to conflicting inferences. *Id.*

Rarely is a negligence case appropriately disposed of by summary judgment, especially when the critical question for resolution is whether the defendant exercised the requisite degree of care under the factual circumstances. This issue is generally a question for the trier of fact, and not answerable as a matter of law. *Summit Bank v. Panos* (1991), Ind.App., 570 N.E.2d 960, 964, *trans. denied.*

In a medical malpractice case, a motion for summary judgment may be made by a defendant based solely upon a medical review panel opinion stating that there was no breach of the applicable standard of care. Defendants assert that when a motion for summary judgment is supported by such a favorable medical review panel opinion, the burden shifts to the plaintiff to designate expert evidence suf-

ficient to create a genuine issue of material fact as to *each* element of a prima facie medical malpractice claim. If Defendants' conclusion is correct, then in order to defeat the summary judgment motions, Livingston should have been required to produce expert evidence regarding the standard of care, deviation from the standard (breach), proximate causation, and damages. While we agree with the first part of Defendants' argument, we disagree with their conclusion.

When a motion for summary judgment in a medical malpractice case may be made by a defendant based solely upon a medical review panel opinion stating that there was no breach of the applicable standard of care, what response is required of plaintiff? This issue has been recently addressed by this court on three separate occasions. *Kennedy v. Murphy* (1994), Ind.App., 640 N.E.2d 764; *Snyder v. Cobb* (1994), Ind.App., 638 N.E.2d 442, *trans. denied; Hoskins v. Sharp* (1994), Ind.App., 629 N.E.2d 1271, *reh. denied.*[1] In these three unanimous opinions, eight different members of this court have examined this issue and agreed with Livingston's view that in these circumstances, a plaintiff is only required to produce expert evidence refuting the panel's opinion that the doctors did not fail to meet the standard of care. However, due to the confusion which apparently still surrounds this issue, we will briefly outline the rationale for the result.

The burden of establishing the lack of a material factual issue is initially on the party moving for summary judgment. *Stackhouse v. Scanlon* (1991), Ind.App., 576 N.E.2d 635, 638, *trans. denied.* Only when the movant has met this burden is the opposing party obliged to come forward with sufficient contrary evidence. *Jarboe v. Land-*

*mark Community Newspapers of Indiana, Inc.* (1994), Ind., 644 N.E.2d 118, 123.

Thus, as the proponents of summary judgment, Defendants had their choices as to the argument they wished to present and the materials they chose to designate. Defendants submitted only the favorable medical review panel opinion to support their summary judgment motions. In so doing, the single supported contention placed before Livingston was: Defendants did not fail to meet the applicable standard of care, so Defendants were entitled to judgment as a matter of law.[2] The panel opinion was sufficient to satisfy Defendants' initial burden of showing no genuine issue of material fact on the standard of care issue. We note that nothing prevented Defendants from submitting additional materials which could have dealt with proximate cause or the other elements of malpractice.

When the movant on summary judgment relies only upon the opinion of the medical review panel which found no breach of the standard of care but was silent as to the other elements of malpractice, the plaintiff non-movant is only obligated to present expert testimony on the standard of care element of malpractice. Accordingly, once the panel opinion was introduced, the burden of proof shifted to Livingston to respond by designating evidentiary matter which demonstrated a genuine issue of fact regarding the standard of care issue. Because Defendants presented no evidence regarding any of the other elements of malpractice, Livingston was free to rest upon her pleadings regarding the other elements.

## II.

Arguing in the alternative, Defendants assert that even if Livingston was only re-

---

1. Compare *Oelling v. Rao* (1992), Ind., 593 N.E.2d 189, in which our supreme court examined a related, but distinct, issue. In *Oelling,* the doctors presented a favorable panel opinion in support of a summary judgment motion. *Id.* at 190. In response, the plaintiff submitted an expert's affidavit indicating only that the expert would have done things differently. Our supreme court found the affidavit insufficient to raise a material issue of fact as to whether the defendants' conduct fell below that which was reasonable under the circumstances. In contrast to the affidavits in the present case, the affidavit

of the expert in *Oelling* made no reference to being familiar with the appropriate standard nor did it indicate that the doctor's treatment fell below that standard.

2. Cf. *Marquis v. Battersby* (1982), Ind.App., 443 N.E.2d 1202. In *Marquis,* a review panel opinion stated not only that the doctors had not violated the standard of care, but also that the doctors' conduct did not cause the injury. In the present case, the panel opinion only mentioned the standard of care issue.

quired to introduce expert testimony regarding the issue of standard of care, she failed to submit sufficient evidence from a competent expert witness.

 Whether a witness is competent to testify as an expert is a matter for the trial court's determination. *Stackhouse,* 576 N.E.2d at 638. We review the trial court's judgment in these matters only for an abuse of discretion. *Id.* According to our supreme court, an affidavit which states that a purported expert attended school in this state, and is licensed to and currently practices in this state, is sufficient to establish his/her competence. *Jordan v. Deery* (1993), Ind., 609 N.E.2d 1104, 1110.

When Defendants introduced the favorable panel opinion and the burden shifted to Livingston, she responded by submitting the affidavits of Drs. Grisell and Mouser. However, because Dr. Grisell's affidavit addresses only Miranda's conduct, and Dr. Mouser's affidavit addresses the conduct of all of the defendants, we will focus our analysis upon Dr. Mouser's affidavit. Dr. Mouser's affidavit, along with his curriculum vitae, indicates: he attended medical school in Indiana, he is licensed to and does practice medicine in Indiana, he is familiar with the standard of care of physicians engaged in abdominal surgery in Randolph County, he reviewed the relevant medical records of Decedent and the depositions, and he was of the opinion that the care rendered to Decedent by all Defendants was below the applicable standard of care and was causative in Decedent's death.

Applying *Jordan,* we find that Dr. Mouser's affidavit demonstrates he was competent to offer an expert opinion. Therefore, no abuse of discretion occurred. Furthermore, *Jordan* indicates that Dr. Mouser's bare assertion that he is familiar with the standard of care of physicians engaged in abdominal surgery in Randolph County is adequate for summary judgment purposes. *Id.*

Facts presented by affidavit for T.R. 56 purposes need not be sufficient to support a verdict, but need only be admissible in evidence. *Yang v. Stafford* (1987), Ind.App., 515 N.E.2d 1157, 1162, *reh. denied,* *trans. denied.* An affidavit which establishes an expert's credentials, states that the expert has reviewed the relevant medical records, and sets forth the expert's conclusion that the defendants violated the standard of care in their treatment which in turn caused the complained-of injury, is sufficient to demonstrate the existence of a material fact, thus making summary judgment inappropriate. *Jordan,* 609 N.E.2d at 1111.

Dr. Mouser's affidavit meets all of the aforementioned requirements. "Although not informative in any way as to the nature of the deviation, the lack of detail in the affidavit goes to the weight and credibility to be assigned to [the affidavit], not to whether it is adequate to create a question of fact." *Id.* Consequently, like the expert's affidavit in *Jordan,* Dr. Mouser's sparsely detailed affidavit succeeds in demonstrating the existence of a material fact. Hence, Defendants' summary judgment motions were appropriately denied.

Affirmed.

DARDEN and ROBERTSON, JJ., concur.