**Judy L. KENNEDY and James B. Kennedy, Jr., Appellants– Respondents,**

**v.**

**Sara H. MURPHY, M.D., and Theodore Hoehn, M.D., Appellees– Petitioners.**

No. 29S02–9512–CV–1376.

Supreme Court of Indiana.

Dec. 27, 1995.

Scott A. Benkie, Brazill & Benkie, Indianapolis, Stephen W. Dillon, Dillon Law Office, Indianapolis, for appellants.

Karl L. Mulvaney, Nana Quay–Smith, Mary H. Watts, Bingham, Summers Welsh & Spilman, Indianapolis, for appellees.

On Petition To Transfer

DICKSON, Justice.

When responding to a medical malpractice defendant's motion for summary judgment based upon a medical review panel opinion finding only that the defendant satisfied the applicable standard of care, must a plaintiff

establish an issue of fact not only as to breach of the duty of care, but also as to proximate cause? Because there exists a conflict among the decisions of the Court of Appeals on this issue, we grant transfer.

Upon the filing of this medical malpractice action by plaintiffs Judy L. Kennedy and James B. Kennedy, the defendant physicians, Sara H. Murphy, M.D., and Theodore Hoehn, M.D., moved for summary judgment based upon the opinion of the medical review panel that "the evidence does not support the conclusion that the defendants failed to meet the applicable standard of care as charged in the complaint." Record at 60. The panel expressed no other opinions, although a medical review panel is authorized by the statute to "render one or more" of four expert opinions.[1] One of the opinions a panel may issue is that "[t]he conduct complained of was or was not a factor of the resultant damages." Thus, in an appropriate case, the question of causation could be the subject of a medical review panel opinion, which would require a plaintiff to establish an issue of fact as to causation to defeat a motion for summary judgment based thereon.

The Kennedys responded by submitting two affidavits of Dr. Alexander D. Kovacs, M.D., which concluded that the defendant physicians failed to meet the applicable standard of care. The trial court noted that the plaintiffs' affidavits were sufficient to create a genuine issue regarding the standard of care but granted summary judgment for the physicians because of the plaintiffs' failure "to introduce expert medical testimony regarding the issue of proximate cause." Record at 184–85.

The Court of Appeals reversed, noting that the only evidence submitted by the doctors in support of their motion was a verified copy of the medical review panel's opinion finding that the doctors met the applicable standard of care. *Kennedy v. Murphy* (1994), Ind. App., 640 N.E.2d 764. The court found that "the Doctors, as the moving party, did not present the issue of causation in their summary judgment motion. Clearly, the question of causation was not properly before the trial court." *Kennedy*, 640 N.E.2d at 766 n. 5.

In support of their petition for transfer, the defendant physicians assert that other Indiana cases have affirmed summary judgment against plaintiffs who failed to present proof of proximate cause in response to panel opinions finding no breach of duty. They contend that in *Weaver v. Robinson* (1993), Ind.App., 627 N.E.2d 442, the medical review panel found no evidence that one of the defendants, Dr. Star, failed to meet the standard of care. Based upon the panel opinion, Dr. Star sought summary judgment. The plaintiff responded with opposing affidavits. Affirming the trial court's grant of summary judgment, the Court of Appeals stated, "Our examination of these affidavits shows that they fail to allege a causal link between Dr. Star's conduct and Elizabeth's injuries," and concluded that "[b]ecause she failed to show a causal nexus between Dr. Star's conduct and her injuries, Elizabeth's claim will not withstand summary judgment." *Id.* at 446–47. Two other malpractice cases, *Kerr v. Carlos* (1991), Ind.App., 582 N.E.2d 860, and *Ellis v. Smith* (1988), Ind.App., 528 N.E.2d 826, upheld summary

---

1. In accordance with the Indiana Malpractice Act, before such actions may be commenced in court, there must be a submission of the proposed complaint to a medical review panel. The statute provides:

[T]he panel shall ... render one or more of the following expert opinions, which shall be in writing and signed by the panelists:

(a) The evidence supports the conclusion that the defendant ... failed to comply with the appropriate standard of care as charged in the complaint.

(b) The evidence does not support the conclusion that the defendant ... failed to meet the applicable standard of care as charged in the complaint.

(c) That there is a material issue of fact, not requiring expert opinion, bearing on liability for consideration by the court or jury.

(d) The conduct complained of was or was not a factor of the resultant damages. If so, whether the plaintiff suffered: (1) any disability and the extent and duration of the disability; and (2) any permanent impairment and the percentage of the impairment.

Ind.Code § 16–9.5–9–7 (1992) (subsequently recodified at Ind.Code § 27–12–10–22). In the present case, the medical review panel opinion consisted of only the first of these four statutory alternatives.

judgments for defendant physicians in part because the plaintiffs failed to establish the existence of a material issue of fact with regard to proximate cause. However, neither of these Court of Appeals opinions clearly states whether the relevant panel opinions included express findings negating proximate cause. Rather, the opinions describe only generally the panels' findings. *See Kerr*, 582 N.E.2d at 862–63 (stating that panel found "in favor of the defendants" and panel experts concluded that doctor "was not negligent"); *Ellis*, 528 N.E.2d at 827 (stating that "panel concluded that defendant met the applicable standard of care").

■ In contrast, however, there are several contrary decisions by the Court of Appeals on this issue. *See Randolph County Hosp. v. Livingston* (1995), Ind.App., 650 N.E.2d 1215, 1218; *Snyder v. Cobb* (1994), Ind.App., 638 N.E.2d 442, 447; *Hoskins v. Sharp* (1994), Ind.App., 629 N.E.2d 1271, 1279. In *Livingston*, the Court of Appeals noted the variance in opinions on the issue and concluded that a plaintiff in such a situation is required to demonstrate the existence of a genuine factual issue with regard to breach of the standard of care but is not required to come forth with evidence on either proximate cause or any other non-breach elements of a malpractice claim. *Livingston*, 650 N.E.2d at 1218. Under Indiana summary judgment procedure, a non-movant is not required to come forward with contrary evidence until the party seeking summary judgment demonstrates the absence of a genuine issue of material fact. *Jarboe v. Landmark Community Newspapers, Inc.* (1994), Ind., 644 N.E.2d 118, 123.[2] It therefore follows that a non-movant need not present evidence on a particular element of a claim unless the moving party has first addressed and presented evidence on that element.

To the extent that prior decisions of the Court of Appeals may be inconsistent with one another, we reject the view espoused in *Weaver, Kerr,* and *Ellis* and find that the

proper approach is that presented by *Livingston, Snyder, Hoskins,* and the present case.

When the movant on summary judgment relies only upon the opinion of the

medical review panel which found no breach of the standard of care but was silent as to the other elements of malpractice, the plaintiff non-movant is only obligated to present expert testimony on the standard of care element of malpractice.

*Livingston*, 650 N.E.2d at 1218.

■ In the present case, the decision of the Court of Appeals was correct. The Kennedys, as non-movants, were required to come forward with evidence to refute only the medical review panel's opinion regarding the breach of the standard of care, as that was the only basis offered for the summary judgment motion. The panel opinion did not shift any burden to the non-moving party to show a genuine issue of fact as to proximate cause, an element on which no evidence was produced by the movants. As to the other issues addressed by the Court of Appeals, we summarily affirm pursuant to Indiana Appellate Rule 11(B)(3).

The judgment of the trial court is reversed, and the cause is remanded for further proceedings.

SHEPARD, C.J., and DeBRULER, SULLIVAN and SELBY, JJ., concur.

---

2. Indiana has expressly rejected the differing approach employed in the federal courts. *See Jar-* *boe,* 644 N.E.2d at 123.