**D.J. THOMSEN and Thomsen Law Office, Appellants–Defendants,**

v.

**Kentin MUSALL and Edna Musall, Appellees–Plaintiffs.**

No. 49A05–9812–CV–596.

Court of Appeals of Indiana.

April 21, 1999.

Todd J. Kaiser, T. Joseph Wendt, Locke Reynolds Boyd & Weisell, Indianapolis, Indiana, Attorneys for Appellant.

Kentin Musall, Edna Musall, Indianapolis, Indiana, Appellees Pro Se.

## OPINION

KIRSCH, Judge.

D.J. Thomsen and Thomsen Law Office (collectively, "Thomsen"), bring this interlocutory appeal from the denial of their summary judgment motion on Kentin and Edna Musall's claim for legal malpractice. The issues presented are:

I. Whether Thomsen was entitled to summary judgment based upon D.J. Thomsen's own affidavit that she did not breach the standard of care and that her representation of the Musalls did not proximately cause any damages.

II. Whether the Musalls' failure to present an opposing affidavit or otherwise respond to Thomsen's motion automatically entitles Thomsen to summary judgment.

We affirm.

## FACTS AND PROCEDURAL HISTORY

The Musalls instituted a lawsuit against Thomsen in connection with legal representation rendered by Thomsen. The Musalls alleged several deficiencies in D.J. Thomsen's performance in a paternity action involving Kentin and an eviction action against both Kentin and Edna.

In response to the Musalls' lawsuit, Thomsen filed a motion for summary judgment. In support of their motion, Thomsen designated the affidavit of D.J. Thomsen in which she set forth her opinion that she did not breach the standard of care required of her and that her performance did not proximately cause the Musalls any damage. The Musalls did not file a written response, but

appeared at the summary judgment hearing and presented oral argument. The trial court denied Thomsen's motion.[1] The court based its ruling on the existence of genuine issues of material fact. The trial court certified the matter for interlocutory appeal, and we accepted jurisdiction pursuant to Indiana Appellate Rule 4(B)(6).

## DISCUSSION AND DECISION

Thomsen claims that the trial court erred by denying their motion for summary judgment because once they presented D.J. Thomsen's expert opinion on breach of the standard of care and proximate cause, the Musalls were required to come forth with expert testimony to establish the standard of care, citing *Hacker v. Holland*, 570 N.E.2d 951 (Ind.Ct.App.1991), *trans. denied.* While we agree with the general proposition that expert testimony is usually required in a legal malpractice action to establish the standard of care, such testimony is not necessarily required to oppose a summary judgment motion. It was Thomsen's burden to establish the absence of any genuine issue of material fact. Until such burden was met, the Musalls were not required to come forward with any evidence. *See Kennedy v. Murphy*, 659 N.E.2d 506, 508 (Ind.1995); *Jarboe v. Landmark Community Newspapers of Indiana, Inc.*, 644 N.E.2d 118, 123 (Ind.1994).

Here, the sole evidence presented to support Thomsen's motion for summary judgment was the affidavit of D.J. Thomsen, a party accused of committing malpractice. Although she is a licensed attorney and may well be qualified to render an expert opinion on issues of standard of care, breach, and proximate cause in legal malpractice actions, the trial court found that genuine issues of material fact existed on such issues. The only conclusion to be drawn from the trial court's determination is that D.J. Thomsen's affidavit alone was insufficient to satisfy Thomsen's burden of establishing the absence of any genuine issue of material fact. This may be because D.J. Thomsen had a

high stake in the outcome of the litigation which may have affected her ability to render an unbiased expert opinion. Because Thomsen failed to satisfy the burden of a party moving for summary judgment, the Musalls, as the non-moving parties, were not required to come forward with contrary evidence. *See Kennedy*, 659 N.E.2d at 508; *Jarboe*, 644 N.E.2d at 123.

Affirmed.

GARRARD, J., and NAJAM, J., concur.

---

1. In actuality, the trial court granted Thomsen's motion in part, finding that there was no material question of fact on the Musalls' fraud claim

and that Thomsen was entitled to judgment as a matter of law. The Musalls do not challenge that determination in this appeal.