D.J. THOMSEN and Thomsen Law
Office, Appellants–Defendants,

v.

Kentin MUSALL and Edna Musall,
Appellees–Plaintiffs.

No. 49A05–9812–CV–596.

Court of Appeals of Indiana.

July 8, 1999.

dence regarding his communication with and
support of A.K.S. that notice would have provid-

Todd J. Kaiser, T. Joseph Wendt, Locke
Reynolds Boyd & Weisell, Indianapolis,
Indiana, Attorneys for Appellant.

Kentin Musall, Edna Musall, Indianapolis,
Indiana, Appellees Pro Se.

## OPINION ON REHEARING

KIRSCH, Judge

In a published opinion issued April 21,
1999, we held that the trial court properly
denied summary judgment to D.J. Thomsen
and Thomsen Law Office because Thomsen's
affidavit was insufficient to establish the ab-
sence of a genuine issue of material fact on
any element of the legal malpractice action
brought against her by Kentin and Edna
Musall. Thomsen seeks rehearing on several
grounds, two of which prompt us to make
further comment.

Thomsen argues that in reaching our con-
clusion about the adequacy of her affidavit,
we impermissibly judged its credibility by
noting the possibility of her bias. We reject
this argument because the affidavit, credible
or not, is insufficient to warrant summary
judgment.

An affidavit submitted in support of
a motion for summary judgment must con-
tain facts that would be admissible in evi-
dence. Ind. Trial Rule 56(E). "Mere asser-
tions of conclusions of law or opinions in an
affidavit will not suffice." *Comfax Corp. v.
North American Van Lines, Inc.*, 638 N.E.2d
476, 481 (Ind.Ct.App.1994). Here, Thom-
sen's personal averments that "I complied

ed him.

with the standard of care in representing Mr. and Mrs. Musall" and that "I did not cause any harm to Mr. or Mrs. Musall" are mere assertions of conclusions of law or opinions. *Record* at 238. They will not suffice to support a motion for summary judgment.

■ Thomsen's legal conclusions are not based upon facts that are undisputed, and the affidavit fails to refute the factual allegations underlying the Musalls' complaint. The Musalls alleged that Thomsen advised them to withhold a pet fee deposit from their rent check for their apartment from which they were subsequently evicted. *Record* at 141. The Musalls also alleged that Thomsen repeatedly failed to return their telephone calls, willfully and intentionally withheld information and failed to advise them that a money judgment was entered against them in the eviction action. They claim to have learned of the judgment only when Edna received a copy of a wage garnishment order at her place of employment, and that this delay resulted in the forfeiture of their appellate rights. Nothing in Thomsen's affidavit eliminates the genuine issues regarding these material facts.[1] Accordingly, Thomsen failed to carry her burden, and the Musalls were not required to come forward with any evidence. *See Kennedy v. Murphy*, 659 N.E.2d 506, 508 (Ind.1995); *Jarboe v. Landmark Community Newspapers of Indiana, Inc.*, 644 N.E.2d 118, 123 (Ind.1994).

■ Thomsen also argues that we failed to employ a de novo standard when reviewing the trial court's denial of summary judgment because we speculated as to the basis of the trial court's decision. Our comment that the trial court may have taken Thomsen's bias into account does not mean that we did not independently review Thomsen's affidavit in reaching our original decision that the affidavit was insufficient to satisfy Thomsen's burden of establishing the absence of any genuine issue of material fact.

Rehearing is granted so that we can specifically state that the credibility of Thomsen's affidavit did not enter into our decision and that we employed a de novo standard in reviewing and affirming the trial court's decision. In all other respects, Thomsen's petition for rehearing is denied.

GARRARD, J., and NAJAM, J., concur.

---

1. For example, Thomsen's affidavit fails to make any mention of the pet fee deposit, and although Thomsen states in her affidavit that she had no knowledge of the judgment, this statement is not sufficient to support her conclusion that she complied with the standard of care. An attorney has a duty to stay apprised of court actions and to make reasonable inquiry when notices of such actions are not received. *See Lodge of the Wabash, Ltd. v. Sullivan*, 654 N.E.2d 40, 43 (Ind.Ct. App.1995), *trans. denied* (discussing *Collins v. Covenant Mut. Ins. Co.*, 644 N.E.2d 116 (Ind. 1994)). Here, there is a material question of fact as to whether Thomsen breached this duty.