## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 30 2018, 9:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANT *PRO SE*

Mathis Franklin, Jr.
Lorain, Ohio

ATTORNEYS FOR APPELLEE BAYVIEW
LOAN SERVICING, LLC

Marcel C. Duhamel
Vorys, Sater, Seymour and Pease LLP
Cleveland, Ohio

John S. (Jay) Mercer
Mercer Belanger, P.C.
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE M&M
MORTGAGE, INC.

Carly A. Brandenburg
Abigail Lambert
Eichhorn & Eichhorn, LLP
Hammond, Indiana

IN THE

# COURT OF APPEALS OF INDIANA

Mathis Franklin, Jr.,

*Appellant-Plaintiff,*

v.

Bayview Loan Servicing, LLC,
and M&M Mortgage, Inc.,

*Appellees-Defendants.*

August 30, 2018

Court of Appeals Case No.
17A-PL-3058

Appeal from the Lake Superior
Court

The Honorable John M. Sedia,
Judge

Trial Court Cause No.
45D01-1505-PL-42

**Bradford, Judge**

# Case Summary

In 2005, Mathis Franklin, Jr., obtained a loan which was secured by real property he owned in Gary ("the Property"). Rights to collect the loan and the associated mortgage were eventually assigned to Bayview Loan Servicing, LLC. Bayview had a contract with M&M Mortgage, Inc., to inspect property and protect collateral. M&M subcontracted its obligations to Bayview to Advanced Property Preservation, Inc. In 2012, Franklin failed to make required loan payments, resulting in Bayview filing a foreclosure action in December of 2013. In February and March of 2014, Advanced entered the Property, either securing and winterizing it (according to Bayview and M&M) or causing significant damage (according to Franklin).

In May of 2005, Franklin filed suit against Bayview and eventually M&M, making several claims all based on Advanced's alleged vandalism of the Property. Bayview and M&M moved for summary judgment contending, *inter alia*, that unrebutted designated evidence showed that Advanced was an independent contractor as to both of them, thereby shielding Bayview and M&M from liability. The trial court entered summary judgment in favor of Bayview and M&M, an entry that Franklin contends was erroneous. Because we disagree, we affirm.

# Facts and Procedural History

[3]     In 1976, Franklin purchased the Property, located at 801 East 49th Avenue in Gary and obtained a license that allowed him to operate a retail establishment, a restaurant, and/or a bar and sell packaged liquor on the site. On August 23, 2005, Franklin executed an adjustable rate promissory note ("the Note") in favor of InterBay Funding, LLC, secured by a mortgage on the Property ("the Mortgage"). On August 28, 2006, InterBay assigned the Mortgage to Bayview, which currently has physical possession of the Note. The Mortgage authorizes Bayview to enter the Property and take any actions it deems necessary to protect its interest in the Property upon an event of default, which includes failing to make payments pursuant to the Note.

[4]     Bayview entered into a service agreement dated April 1, 2011 ("the Service Agreement") with M&M, in which M&M agreed to inspect and take actions to protect Bayview's interest in collateral. Franklin defaulted on the Note by failing to make the payment due November 1, 2012. On June 17, 2013, M&M subcontracted its obligations under the Service Agreement to Advanced pursuant to a vendor contract ("the Vendor Contract"). Bayview has had no contractual relationship with Advanced at any point.

[5]     On December 20, 2013, Bayview filed a foreclosure action against Franklin. On February 10, 2014, Advanced retained an independent locksmith and entered and inspected the Property. Advanced allegedly performed work to winterize and preserve the Property on February 24, February 27, February 28, March 3, March 7, March 8, and March 11, 2014. On March 28, 2014, Franklin petitioned for Chapter 13 bankruptcy in the United States Bankruptcy

Court for the Northern District of Indiana. Advanced did not enter the Property after Franklin filed his bankruptcy petition.

[6] On May 5, 2015, Franklin filed suit against Bayview. On November 6, 2015, Franklin filed an amended action adding M&M to the suit, alleging breach of contract by Bayview and violation of the Indiana Crime Victims Relief Act, negligence, conversion, and trespass to chattel by Bayview and M&M. All claims are based on the damage allegedly caused by Advanced when it entered the Property in February and March of 2014. On June 5, 2017, and July 27, 2017, respectively, M&M and Bayview moved for summary judgment.

[7] Bayview designated an affidavit from its Vice President of Litigation Jo Ann Snyder in which she averred, *inter alia*, that Bayview authorized M&M to secure the Property but exerted no control over its work and played no role in selecting, training, or supervising any of the persons M&M chose to engage. Bayview also designated the Service Agreement, which provides, in part, as follows:

> 2. Services to Be Performed. The Service Provider shall perform the services described in Exhibit A (the "Services") as an independent contractor on an exclusive basis. Unless stated explicitly, nothing contained herein shall be deemed to create any partnership, joint venture, or relationship of principal and agent between the Parties hereto or any of their affiliates or subsidiaries, or to provide either Party with any right, power or authority, whether express or implied to create any such duty or obligation on behalf of the other Party. Such Services shall be rendered in a professional manner and shall meet acceptable quality measurements, performance levels, and

other standards as the Parties may agree to in writing from time to time.

Bayview's App. Vol. II pp. 81–82.

[8] M&M designated an affidavit from its Vice President of Operations Armando Sanz in which he averred, *inter alia*, that it hired Advanced as an independent contractor to perform property inspections, preservation, and winterization, and that M&M did not exert control over Advanced's methods and played no role in selecting, training, supervising, inspecting, or otherwise managing the persons Advanced chose to engage for its work. M&M also designated an affidavit from Advanced's co-owner Paul Strout,[1] in which he averred that Advanced was an independent contractor as to M&M and that M&M did not exert any control over Advanced's methods of performing its work.

[9] Finally, M&M designated the Vendor Contract, which provides, in part, as follows:

> 1. INDEPENDENT CONTRACTOR. Vendor and M&M agree that at all times Vendor is operating as an independent contractor. Nothing in this Agreement is intended, nor shall anything in this Agreement be construed, to create a joint venture, partnership, agency, or employment relationship between Vendor and M&M. Vendor shall conduct Vendor business under Vendor's own name as an independent contractor, and shall not hold Vendor out as an agent, partner, or employee of M&M. Vendor shall have no right, power, or authority to create any contract or obligation,

---

[1] Strout also averred that Advanced had closed its doors in October of 2016.

whether express or implied, on behalf of, in the name of, or binding upon us, our customer[s], their investor[s] and/or its agents and/or assigns.

Bayview's App. Vol. II pp. 92–93. On August 25, 2017, Franklin filed a motion in opposition to Bayview's and M&M's summary judgment motions. Although the record is not entirely clear, Franklin appears to have designated and attached to this motion an affidavit sworn by him on August 22, 2017, which included the following averments:

21. There is a genuine issue between the parties as to the following facts material to this action:

A. The "Vendor Contract and Master Agreement" executed between M&M and Advanced fails to show that M&M lacked the authority to control the details of Advanced's work as said agreement is clearly redacted.

B. M&M exerted control over Advanced with respect to the details of performing this work.

C. The Gary Property has been continually in business and never been vacant or abandoned.

D The electric water and gas utilities to the Gary Property have never been shut off.

E. The acts performed by Advanced caused injury to others because precautions were not taken.

F. The acts performed by Advanced constituted criminal mischief, violation of the automatic stay in my bankruptcy, breach of contract, negligence, and trespass to chattels.

G. Advanced's actions were, at least for a time, authorized by M&M to preserve properties, related to the service for which it was employed in preserving properties,

> and motivated to an extent by M&M['s] interests, and
> Bayview Loan Services' interests.

Appellant's App. Vol. II p. 103.

[10] On November 29, 2017, the trial court held a hearing on the summary judgment motions and granted them the next day in an order that provides, in part, as follows:

> Bayview and M&M have filed Motions for Summary Judgment against Franklin, arguing that any issues related to the [Property] were brought about by Advanced, who as an independent contractor was solely liable for any trespass, theft or damage.
>
> ….
>
> M&M and Bayview have met the initial burden of demonstrating the absence of a genuine issue of material fact as their designated materials show that Advanced was, indeed, an independent contractor, had broad discretion to control the work it performed, and was not trained, selected nor supervised by M&M or Bayview. A principal cannot be held liable for the negligence or, for that matter, intentional acts of an independent contractor, *Bagley v. Insight Communications Co., L.P.*, 658 N.E.2d 584 (Ind. 1995); *Prest-O-Lite Co. v. Skeel*, 106 N.E. 365 (Ind. 1914); *City of Logansport v. Dick*, 70 Ond. 65 (Ind[.] 1880); *Eagle Machine Co., Inc. v. American District Telegraph Co.*, 140 N.E.2d 756 (Ind. Ct. App. 1957).
>
> Having come forward and demonstrated the absence of a genuine issue of material fact that Advanced, as an independent contractor, is solely liable for any damages that Franklin may have suffered, Franklin must come forward with contrary evidence showing an issue for the trier of fact.
>
> He has come forward with argument as to applicability of the five exceptions to the general rule set forth in *Bagley, id.*: (1) where the contract requires the performance of intrinsically dangerous

work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal, 658 N.E.2d at 586; and speculation over whether or not Advanced was merely deemed to be an independent contractor by M&M but, in reality, its employees were employees of M&M who were subject to M&M's total control, thereby subjecting M&M to liability for their wrongful acts.

However, Franklin offers no designated materials that would demonstrate that any of the *Bagley* exceptions apply or that Advanced's status as an independent contractor was a subterfuge. Under the designated materials that have been provided, it is uncontroverted that Advanced was an independent contractor hired by M&M pursuant to its contract with Bayview to inspect and winterize the [Property] during the foreclosure process. This was not inherently dangerous work, M&M and Bayview were not charged by law or contract with Franklin to perform inspection and winterization, no nuisance would be created by performing inspection and winterization, the acts of inspection and winterization will not probably cause injury to others, and inspection and winterization of real estate is certainly not an illegal act.

Appellee Bayview's App. p 2.

# Discussion and Decision

### *Standard of Review*

[11] When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. *Merchs. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 386 (Ind. Ct. App. 2000). Summary judgment is

appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id*.; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Merchs. Nat'l Bank*, 741 N.E.2d at 386. To prevail on a motion for summary judgment, a party must demonstrate that the undisputed material facts negate at least one element of the other party's claim. *Id*. Once the moving party has met this burden with a *prima facie* showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id*. The party appealing the summary judgment bears the burden of persuading us that the trial court erred. *Id*.

[12] Franklin made several claims in the trial court, all of which were ultimately based on damage allegedly caused by Advanced when it entered the Property in February and March of 2014.[2] Both Bayview and M&M contend that they are shielded from any possible liability in this case, however, because the designated evidence establishes that Advanced was an independent contractor with respect to both Appellees.

> The general rule is that one is not liable for the acts or negligence of another, unless the relation of master and servants exists between them; and that where an injury has been done by a party

---

[2] Franklin also directly or impliedly alleges other improprieties which are not relevant to this appeal, such as an alleged failure to properly serve him in the foreclosure action against the Property and what we can only interpret as insinuations of insurance fraud committed by Bayview. We will not address these allegations directly. Franklin makes other allegations of impropriety, including that Advanced illegally entered the Property in violation of a bankruptcy stay and that designated photographic evidence shows the appellees destroying the Property. While some of these allegations are, perhaps, marginally related to the claims raised in this appeal, there are wholly unsupported by the record and we will not address them further.

> exercising an independent employment, the person employing him will not be liable in damages for injury or death resulting from the wrongful acts or omissions of such person, or of the servants of such party.

*Allison v. Huber, Hunt & Nichols, Inc.*, 173 Ind. App. 41, 43, 362 N.E.2d 193, 195 (1977).

> However, five exceptions [to the general rule] have been recognized for more than half a century. *See, e.g.*, *Bogard v. Mac's Restaurant* (1988), Ind. App., 530 N.E.2d 776; *Denneau v. Indiana & Michigan Elec. Co.* (1971), 150 Ind. App. 615, 277 N.E.2d 8; *Scott Constr. Co. v. Cobb* (1928), 86 Ind. App. 699, 703, 159 N.E. 763. The exceptions are: (1) where the contract requires the performance of intrinsically dangerous work; (2) where the principal is by law or contract charged with performing the specific duty; (3) where the act will create a nuisance; (4) where the act to be performed will probably cause injury to others unless due precaution is taken; and (5) where the act to be performed is illegal. *Perry v. Northern Ind. Pub. Serv. Co.* (1982), Ind. App., 433 N.E.2d 44, 47.

*Bagley*, 658 N.E.2d at 586.

[13]  Bayview designated evidence in the form of the Snyder affidavit and the Service Agreement that M&M was an independent contractor as to Bayview, and there is no dispute that Bayview never had a contractual relationship with Advanced. M&M designated the Sanz and Strout affidavits and the Vendor Contract, all of which tend to show that Advanced was an independent contractor as to M&M. The burden therefore shifted to Franklin to establish that a genuine issue of material fact exists as to Advanced's status as an independent contractor. This Franklin has failed to do.

[14] The only material designated by Franklin on this point is the conclusory statement in his affidavit that there is a genuine issue of material fact regarding whether M&M controlled Advanced's work. This is a contention, however, not a fact, and it is well-settled that "[a]n affidavit submitted in support of a motion for summary judgment must contain facts that would be admissible in evidence." *Thomsen v. Musall*, 713 N.E.2d 900, 900 (Ind. Ct. App. 1999) (citing Ind. Trial Rule 56(E)), *opinion on reh'g*, *trans. denied*. "'Mere assertions of conclusions of law or opinions in an affidavit will not suffice.'" *Id.* (quoting *Comfax Corp. v. N. Am. Van Lines, Inc.*, 638 N.E.2d 476, 481 (Ind. Ct. App. 1994)). Because Franklin's statement is nothing more than an assertion of a legal conclusion, it fails to generate a genuine issue of material fact as to Advanced's status as an independent contractor. *See id.* (concluding that "Thomsen's personal averments that 'I complied with the standard of care in representing Mr. and Mrs. Musall' and that 'I did not cause any harm to Mr. or Mrs. Musall' are mere assertions of conclusions of law or opinions [that] will not suffice to support a motion for summary judgment").

[15] Franklin also attacks Bayview's designated evidence, contending that the Service Agreement, which was redacted to some extent for designation, does not tend to show that M&M was an independent contractor as to Bayview and will therefore not support the entry of summary judgment on that basis. First, the unredacted provisions of the Service Agreement clearly indicate that M&M was an independent contractor, and Franklin can offer only speculation that any of the redacted portions provide otherwise. Second, this argument ignores

the Snyder affidavit, which clearly provides that M&M was an independent contractor over whose work Bayview had no control. Finally, even if Franklin is correct that M&M was not independent of Bayview, it would only get him halfway to the finish line, as it is Advanced's alleged vandalism which is at the heart of his claims, not M&M's.

[16] Finally, Franklin argues that illegal acts allegedly performed by Advanced, namely vandalism and the violation of the automatic stay provisions of bankruptcy law, qualify for the fifth exception to the general rule that the principal is not liable for the acts of an independent contractor. Franklin somewhat misapprehends the operation of the exception, however. The exception only applies where the principal is attempting to isolate itself from the consequences of illegality by engaging an independent contractor to carry out the illegal activity on its behalf. Even if we assume, *arguendo*, that Advanced committed illegal acts, there is no designated evidence whatsoever that M&M or Bayview told Advanced to engage in any illegality. As the *Bagley* Court stated, "the five exceptions represent specific, limited situations in which the associated duties are considered non-delegable because public policy concerns militate against permitting an employer to absolve itself of all further responsibility by transferring its duties to an independent contractor." 658 N.E.2d at 588. Franklin has failed to establish that an exception to general rule of nonliability for the acts of an independent contractor applies in this case. Because we agree with the trial court that the designated evidence establishes

Advanced's status as an independent contractor, we affirm its entry of summary judgment in favor of Bayview and M&M.

[17] We affirm the judgment of the trial court.

Vaidik, C.J., and Pyle, J., concur.