## The City of Indianapolis *v.* Bly.

CONTRACT.— *Termination by Notice.*— *Damages.*—Suit against a city for damages for violating a contract employing the plaintiff for one year to light the street lamps, and authorizing the defendant to terminate the contract by giving one month's notice in writing. The contract was terminated by the defendant without such written notice.

*Held,* that the following charge was correctly given : "It is of the contract between plaintiff and defendant that the defendant should have the right to declare the contract at an end after giving the plaintiff one month's notice in writing of such fact; and it is for you to find from the evidence whether such notice was given; then, after one month from the time when such notice was given, the defendant was no longer liable to plaintiff. But if such notice was not given, then the plaintiff is entitled to such damages as necessarily resulted from the refusal, if any, of the defendant to allow plaintiff to fulfil his contract in lighting the lamps, which may be for such loss as the plaintiff actually suffered by being thrown out of employment during the time, or any part thereof, he was employed under the contract. Such notice must have been given by the city. A notice by a councilman, without authority of the common council, is not such notice. But a notice given by the city clerk, thereunto ordered by the common council, is sufficient."

APPEAL from the Marion Circuit Court.

DOWNEY, J.—This was an action by the appellee against the appellant upon a contract by which the city employed the appellee as lamplighter for the period of one year from the first day of March, 1868. The contract, among other stipulations, provided: "And should the party of the first part fail or neglect to comply with any of the above stipulations embodied in the above agreement, it shall be lawful for the common council to declare this contract forfeited, or take any steps they may deem best to complete, or have completed any such work; and the expenses incurred by same, together with proper compensation for the trouble, shall be deducted from any moneys due such party of the first part; or, if no moneys remain in the hands of the party of the first part, then the security or securities given by the party of the first part shall be liable for the same. The party of the first part further agrees that the party of the second part shall have the right to declare this contract at an end, after giving the party of the first part one month's notice in writing of such fact."

No question is made upon the pleadings. There was a trial by jury, and a verdict for the plaintiff, assessing his damages at three hundred and thirty dollars. The defendant moved for a new trial, for the following reasons: "first, the verdict is not sustained by sufficient evidence; second, the verdict is contrary to law; third, because the court erred in the instructions to the jury, which were excepted to at the time; fourth, the damages are excessive.

The court overruled this motion and rendered judgment for the amount found by the verdict. The exception and assignment of errors present for our consideration the correctness of this ruling of the court. The question is before us on the evidence. It is not claimed by the city that Bly failed to perform the contract on his part, and that it, for this reason, terminated the contract. Nor is it claimed that the contract was terminated by the city by giving Bly one month's notice. We think the evidence shows that the city authorities terminated the contract for the reason that they had made or could make a contract with other parties more advantageous, or supposed to be more advantageous, to the city, without governing themselves by the stipulations of the contract giving them the right to put an end to it, and that the city is liable in damages for such unauthorized abrogation of the contract.

Objection is made by the appellant to the following instruction given by the court to the jury at the request of the plaintiff.

" It is of the contract between plaintiff and defendant that the defendant should have the right to declare the contract at an end after giving the plaintiff one month's notice in writing of such fact; and it is for you to find from the evidence whether such notice was given, then, after one month from the time when such notice was given, the defendant was no longer liable to plaintiff. But if such notice was not given, then the plaintiff is entitled to such damages as necessarily resulted from the refusal, if any, of the defendant to allow plaintiff to fulfil his contract in lighting the lamps,

which may be for such loss as the plaintiff actually suffered by being thrown out of employment, during the time, or any part thereof, he was employed under the contract. Such notice must have been given by the city. A notice by a councilman, without authority of the common council, is not such notice. But a notice given by the city clerk, thereunto ordered by the common council, is sufficient."

The objection to the charge is thus stated by counsel for the appellant: "We submit that this instruction was calculated to, and probably did, mislead the jury, by inducing them, if they found for the plaintiff, to find for the plaintiff the full amount he would have been entitled to if he had lighted the lamps the entire year, thus leading the minds of the jury away from the evidence on the true question of the damages really sustained by the plaintiff, as shown by the evidence.

We think there is no ground for this objection to the charge. It is evident that the jury did not allow compensation for the whole year. The number of lamps was eight hundred and fifty-six, and at twenty cents per month each, the price agreed upon, the amount would, for the entire year, have been over two thousand dollars. But the amount of damages given by the jury was only three hundred and thirty dollars. We see no objection to the instructions. There is another instruction given which it is said should not have been given, but counsel for the appellant admit that it was immaterial, and it could not therefore have done any harm. We think the motion for a new trial was properly overruled.

The judgment is affirmed, with costs.

*J. S. Harvey*, for appellant.

*G. H. Voss, B. F. Davis, J. A. Holman,* and *W. S. Ray,* for appellee.