LESLIE v. ROBIE.

(Supreme Court; Appellate Term. June 22, 1903.)

1. MASTER AND SERVANT—UNLAWFUL DISCHARGE—MEASURE OF DAMAGES.

Where plaintiff was employed for a term of 40 weeks at a weekly salary of $20, subject to termination of the contract on two weeks' notice, and she was illegally discharged, and was unable thereafter to obtain work during the remainder of the term, the measure of her damages was the stipulated salary for the unexpired term.

2. SAME—NOTICE TO QUIT—SUFFICIENCY.

Plaintiff was employed as an actress for 40 weeks at a salary of $20 per week, the contract providing that it might be terminated at any time by giving either party two weeks' notice in writing. Defendant notified plaintiff on Monday, October 21, 1901, in writing, that her connection with the company would cease at the conclusion of the performance on Saturday evening, November 2, 1901, and paid her her full two weeks' salary. She made no protest as to the length of the notice, but objected to discharge at that time of the year. *Held*, that such notice was a substantial compliance with the terms of the contract.

Appeal from City Court of New York.

Action by Blanche Leslie against Louis Robie. From a City Court judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and GILDERSLEEVE and MacLEAN, JJ.

J. Willett, for appellant.
Fromme Bros., for appellee.

GILDERSLEEVE, J. The plaintiff is an actress, and the defendant a theatrical manager. The parties entered into a written contract by which defendant employed plaintiff to work for him as an actress at a salary of $20 a week. The contract contained a provision that it might be terminated at any time by either party giving the other two weeks' notice in writing. On October 21, 1901, the defendant gave plaintiff a written notice that her connection with his company would cease on November 2, 1901. On November 2, 1901, defendant paid plaintiff her salary up to that time. There is practically no dispute as to the facts, and both asked for the direction of a verdict. The court directed judgment for plaintiff. Defendant appeals.

The notice of discharge was given on a Monday, and was to take effect at the end of the performance on the Saturday of the following week. The term of employment, unless sooner terminated by two weeks' notice, was to be 40 weeks. Plaintiff testified she tried to get work during the remainder of the said term after her discharge, but was unable to do so, and the court allowed her as damages the stipulated salary for the unexpired portion of the season after the discharge. See Howard v. Daly, 61 N. Y. 362, 19 Am. Rep. 285. We see no error in the rule adopted by the learned court below as to the measure of damages, assuming that there is support for the finding that the defendant was guilty of a breach of the contract of employment. But there was no breach if the notice of discharge

¶ 1. See Master and Servant, vol. 34, Cent. Dig. §§ 50, 54.

was sufficient. This is the only question the appeal presents. On Monday, October 21, 1901, the plaintiff notified the defendant in writing (plaintiff's Exhibit B) that her engagement terminated with the performance on Saturday evening, November 2d, concluding with these words: "Therefore, accept this as your two weeks' notice as per contract." There is no evidence that she protested against the notice of discharge until November 2d, but, so far as appears, acquiesced therein, and seems to have treated it as a compliance with the contract as understood by the parties. When her connection with the company terminated, on November 2d, pursuant to the notice, she then protested at receiving a notice of discharge at that time of year. There was no claim then made that the notice was too short. The plaintiff received pay in full to November 2, 1901. The foregoing state of facts having been established by the plaintiff's testimony, it seems to have been conceded that the evidence was all in, and the defendant's attorney then moved that the complaint be dismissed on the ground that the plaintiff had failed to show a cause of action. We think this motion should have been granted, for the reason that the undisputed facts showed a substantial compliance by the defendant with the terms of the contract. The notice was received by the plaintiff on a Monday, and she was permitted to remain with the company that week and the entire week following, and received full pay for both weeks.

It follows that the judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.