# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**EDWARD R. HANNON**
Steuerwald Hannon Zielinski & Witham
Danville, Indiana

ATTORNEYS FOR APPELLEE:

**CHARLES E. HOSTETTER**
**MATTHEW E. DUMAS**
Hostetter & O'Hara
Brownsburg, Indiana



FILED

Apr 30 2012, 9:40 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| WALTER B. DUNCAN, | ) | |
| | ) | |
| Appellant–Cross-Appellee–Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 32A01-1109-CC-429 |
| | ) | |
| THE GREATER BROWNSBURG | ) | |
| CHAMBER OF COMMERCE, INC., | ) | |
| | ) | |
| Appellee–Cross-Appellant–Defendant. | ) | |

APPEAL FROM THE HENDRICKS SUPERIOR COURT
The Honorable Mary Lee Comer, Special Judge
Cause No. 32D04-1109-CC-239

**April 30, 2012**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

Appellant–Cross-Appellee–Plaintiff Walter B. Duncan appeals from the trial court's judgment, following a bench trial, in favor of Appellee–Cross-Appellant–Defendant The Greater Brownsburg Chamber of Commerce, Inc. ("the Chamber"). Duncan contends that the trial court's judgment was clearly erroneous and that it also erred in denying his summary judgment motion. The Chamber cross-appeals, contending that the trial court erred in denying its summary judgment motion. Concluding that the trial court should have entered summary judgment in favor of the Chamber, we reverse and remand with instructions.

## FACTS AND PROCEDURAL HISTORY

On March 5, 2009, Duncan entered into an employment agreement with the Chamber for the position of Executive Director, which provided, in part, that "[e]ither party may cancel this agreement for cause or convenience with 30-day written notice to the other party." Plaintiff's S.J. Ex. 1 at 2. Duncan's yearly salary was $50,400.00. Plaintiff's S.J. Ex. 1 at 1. During a meeting of the Chamber's Board of Directors on March 18, 2010, the Board voted "to terminate for convenience the Employment Agreement of the Executive Director, subject to the terms of the agreement, effective immediately." Plaintiff's S.J. Ex. 2 at 3.

Later on March 18, 2010, Duncan met with two members of the Board at a McDonald's restaurant who informed him that he was to be terminated for convenience but that his resignation would be accepted in lieu of termination. That same day, Duncan executed and delivered a "Formal Notice of Resignation" to the Chamber president, which indicated that he would work with the Chamber for one additional week and then

2

take a three-week paid vacation.  Appellee's App. p. 72.  Duncan's daily salary for 2010 was $138.09 per day, meaning that he would have been due $14,775.63 salary for working through April 18, 2010.  Pursuant to the contact, Duncan was also reimbursed for his mobile telephone and, as of November 19, 2010, was paying $46.62 per month for the service.  Defendant's S.J. Ex. C at 2.  Duncan was paid a total of $15,507.69 by the Chamber in 2010.  Defendant's S.J. Ex. C at 2.

On September 29, 2010, Duncan filed a breach-of-contract claim against the Chamber.  On January 31, 2011, the Chamber and Duncan filed summary judgment motions.  On April 29, 2011, the trial court denied both parties' summary judgment motions.  On July 19, 2011, the trial court conducted a bench trial.  On September 2, 2011, the trial court entered judgment in favor of the Chamber, finding, *inter alia*, that Duncan suffered no damages as a result of the Chamber's alleged breach.

## DISCUSSION AND DECISION

Duncan contends that the trial court's judgment in favor of the Chamber was clearly erroneous and that it erred in denying his summary judgment motion.  The Chamber contends that that trial court erroneously denied its summary judgment motion.  We agree with the Chamber, finding its argument to be dispositive.

### A.  Summary Judgment Standard of Review

When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court.  *Merchs. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 386 (Ind. Ct. App. 2000).  Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is

3

entitled to a judgment as a matter of law. *Id*.; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id*. To prevail on a motion for summary judgment, a party must demonstrate that the undisputed material facts negate at least one element of the other party's claim. *Id*. Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id*. The party appealing the summary judgment bears the burden of persuading us that the trial court erred. *Id*.

### B. Damages in Breach of Contract Claims

It is well-settled that "[t]o recover for a breach of contract, a plaintiff must prove that: (1) a contract existed, (2) the defendant breached the contract, and (3) the plaintiff suffered damage as a result of the defendant's breach." *Collins v. McKinney*, 871 N.E.2d 363, 370 (Ind. Ct. App. 2007). The Chamber contends, *inter alia*, that Duncan failed to designate any evidence of damages because the evidence shows that he was ultimately paid in excess of what he was owed for the thirty days following the decision to terminate him. Duncan, however, contends that the proper measure of damages should include salary, expenses, and reimbursement for medical insurance pursuant to the contract from the date of the alleged breach and continuing for the term of the contract.

Essentially, the Chamber is asking us to adopt the general proposition that damages for breach of a notice requirement are limited to compensation for the notice period, which proposition was implicitly adopted by the Indiana Supreme Court in *City of Indianapolis v. Bly*, 39 Ind. 373, 375 (1872). In *Bly*, the plaintiff contracted with

4

Indianapolis to be a lamplighter, which contract contained a provision that Indianapolis could terminate the contract with one month's notice. *Id*. at 373. Bly brought suit on the contract, presumably after the contract was terminated without the required one month's notice. *Id*. The trial court instructed the jury regarding damages, in part, as follows:

> 'It is of the contract between plaintiff and defendant that the defendant should have the right to declare the contract at an end after giving the plaintiff one month's notice in writing of such fact; and it is for you to find from the evidence whether such notice was given, then, after one month from the time when such notice was given, the defendant was no longer liable to plaintiff.'

*Id*. at 374. The Indiana Supreme Court rejected Indianapolis's challenge to the instruction, implicitly adopting the proposition that damages for breach of notice provisions are limited to compensation for the notice period. *Id*. at 375. We have little hesitation in *explicitly* adopting the proposition, and therefore do not accept Duncan's argument, which, if adopted, would entitle him to what could only be called the windfall of being compensated for the remainder of the contract term–for services he did not provide–as though he had never been terminated.

> Our position on this question is consistent with the weight of authority nationwide.
>
> In general, where a contract of ordinary employment stipulates for, or where usage requires, a certain period of notice, the employment may be cancelled on shorter notice or with none at all upon payment of wages or salary for the period of notice. And it seems that if a shorter notice is given, it becomes effective at the expiration of the requisite period thereafter.

*Raynor v. Burroughs Corp.*, 294 F.Supp. 238, 242 (E.D. Va. 1968) (citing 9 Williston on Contracts § 1017 (3rd Ed. 1957)). *See also, e.g.*, *Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Retardation Servs.*, 925 F.2d 866, 877 (5th Cir. 1991) (concluding that

5

allowing plaintiff to work for thirty days and paying ninety days' severance pay satisfied 120-day notice requirement); *Nolan v. Lantz Sanitary Laundry Co.*, 274 P. 931, 931 (Colo. 1929) (concluding that employee who accepted two weeks' pay upon termination waived reliance on contractual provision providing for two weeks' notice); *Bryant & Stratton Bus. Coll. v. Walker*, 160 S.W. 241, 242 (Ky. 1913) ("Where by its terms a contract of employment may be terminated at any time upon giving a specified notice, the damages for a wrongful discharge can be no more than the wages which would have accrued under the contract after the notice, had one been given."); *but see Leslie v. Robie*, 84 N.Y.S. 289, 289 (N.Y. App. Term 1903) (concluding that had actress not been given two weeks' notice as stipulated in contract, she would have been entitled to stipulated salary for entire remaining term of contract). So, today we adopt the majority rule that "[t]he summary discharge of an employee entitled under the employment contract to a specified period of notice ordinarily[1] permits him to recover his compensation for the notice period only and not for the entire balance of the contract period." W.C. Crais III, Annotation, *Effect of attempt to terminate employment or agency contract upon shorter notice than that stipulated in contract*, 96 A.L.R.2d 272 (1964).

Here, then, the most Duncan was entitled to in the event of a breach by the Chamber of the notice requirement was thirty days' compensation, whether salary or in

---

[1] There are two recognized exceptions to the general rule: (1) where breach of a notice requirement would result in the forfeiture of an already existing right over and above normal compensation, or (2) where the breach denied the party a contractually provided right to negate the other party's termination. W.C. Crais III, Annotation, *Effect of attempt to terminate employment or agency contract upon shorter notice than that stipulated in contract*, 96 A.L.R.2d 272 (1964). Duncan does not contend that either one of these exceptions applies in this case, and there is no indication in the record to that effect.

some other form. Even assuming, *arguendo*, that the Chamber did breach the contract, the designated evidence does not create a genuine question regarding damages. The undisputed designated evidence indicates that Duncan was entitled to be paid $14,775.63 salary for 2010 had he worked through April 18, and we shall assume that his mobile telephone bill for his last month, for which he was to be reimbursed, was $46.62. This comes to $14,882.25, which is still $685.44 less than the $15,507.69 he was actually paid for 2010.[2] In short, Duncan was paid more that he was entitled to receive had the notice requirement been breached and so failed to generate a genuine question of material fact regarding damages. As such, we need not address the question of whether the Chamber actually breached the notice requirement. We note that the trial court reached the same result following bench trial but nonetheless should have entered summary judgment in favor of the Chamber. Therefore, we reverse and remand with instructions to enter summary judgment in favor of the Chamber.

VAIDIK, J., and CRONE, J., concur.

---

[2] The employment agreement also provided that "Medical insurance will be obtained by the Executive Director through the plan of his choice. It shall be the Executive Director's responsibility to pay the premiums for said insurance. The Chamber shall reimburse the premiums for said insurance up to a maximum annual reimbursement of $4,500.00." Plaintiff's S.J. Exhibit 1 at 2. Although there is designated evidence that Duncan paid $3831.03 in insurance premiums during 2010, there is no evidence that he made any payments between March 18 and April 18. Defendant's S.J. Ex. C at 2. In any event, even if we assume that the $3831.03 was paid in twelve monthly, equal premiums, Duncan's monthly outlay for 2010 would have been $319.25. This figure added to the salary he was due and the mobile telephone bill for which he was entitled to be reimbursed comes to $15,201.50, which is still over 300 dollars less than he was actually paid for 2010.

7