**MERCHANTS NATIONAL BANK as Administrator of the Estate of Christopher C. Merchant, Appellant–Plaintiff,**

v.

**SIMRELL'S SPORTS BAR & GRILL, INC., Appellee–Defendant.**

No. 84A01–9908–CV–285.

Court of Appeals of Indiana.

Dec. 20, 2000.

C. Joseph Anderson, John P. Nichols, Anderson & Nichols, Terre Haute, Indiana, Attorneys for Appellant.

Shannon L. Robinson, William H. Kelley, Kelley, Belcher & Brown, Bloomington, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Merchants National Bank, as Administrator of the Estate of Christopher C. Merchant (the "Administrator"), filed a wrongful death suit against Simrell's Sports Bar & Grill, Inc. ("Simrell's"), after Merchant, a patron of Simrell's, was shot and killed on the sidewalk outside of the tavern. Simrell's moved for summary judgment arguing that it owed no duty to Merchant as a matter of law. Following a hearing, the trial court granted summary judgment in favor of Simrell's. The Administrator appeals.

We affirm.

## ISSUES

The Administrator raises three issues for our review which we restate as:

1. Whether the trial court erred when it concluded, as a matter of law, that Simrell's owed no common law duty to Merchant.

2. Whether the trial court erred when it concluded, as a matter of law, that Simrell's did not gratuitously assume a duty to Merchant.

3. Whether the trial court erred when it concluded that Simrell's was not liable for Merchant's death pursuant to the Dram Shop Act, Indiana Code Section 7.1–5–10–15.5.

## FACTS

On Tuesday, January 7, 1997, Merchant entered Simrell's, located in Terre Haute. Merchant remained inside the bar until closing time at approximately 3:30 a.m. and then left with two friends. Another group of patrons, including Theodore Brewer, had left the bar several minutes earlier. After Merchant exited Simrell's, an altercation erupted involving Merchant and Brewer on the sidewalk outside the bar. Brewer shot and killed Merchant.

## DISCUSSION AND DECISION

### Standard of Review

When reviewing the grant or denial of a summary judgment motion, this court applies the same standard as the trial court. *Miles v. Christensen*, 724 N.E.2d 643, 645 (Ind.Ct.App.2000), *trans. denied.* Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See* Ind. Trial Rule 56(C); *Shell Oil Co. v. Lovold Co.*, 705 N.E.2d 981, 983–84 (Ind.1998). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Shell Oil*, 705 N.E.2d at 983–84.

To prevail on a motion for summary judgment in a negligence case, the defendant must demonstrate that the undisputed material facts negate at least one element of the plaintiff's claim. *Ward v. First Indiana Plaza Joint Venture*, 725 N.E.2d 134, 135–36 (Ind.Ct.App.2000), *trans. denied.* Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* at 136. The party appealing the trial court's grant of a motion for summary judgment bears the burden of persuading this court that the trial court erred. *Id.*

### Issue One: Common Law Duty

We first address the Administrator's contention that the trial court erroneously concluded that Simrell's did not have a common law duty to protect Merchant from Brewer's criminal act. To recover in negligence, a plaintiff must establish: (1) a duty on the part of the defendant to conform his conduct to a standard of care arising from his relationship with the plaintiff; (2) a failure on the part of the defendant to conform his conduct to the requisite standard of care; and (3) an injury to the plaintiff proximately caused by the breach. *Van Duyn v. Cook–Teague P'ship*, 694 N.E.2d 779, 781 (Ind.Ct.App. 1998), *trans. denied.* Absent a duty, there can be no breach and, therefore, no recovery in negligence. *Id.*

We have long recognized "the duty of a tavern owner, engaged in the sale of intoxicating beverages, to exercise 'reasonable care to protect guests and patrons from injury at the hands of irresponsible persons whom they knowingly permit to be in and about the premises.' " *Ember v. BFD, Inc.*, 490 N.E.2d 764, 769 (Ind.Ct.App. 1986) (quoting *Glen Park Democratic Club, Inc. v. Kylsa*, 139 Ind.App. 393, 396, 213 N.E.2d 812, 814 (1966)), *modified,* 521 N.E.2d 981 (Ind.Ct.App.1988). However, we have also held that a duty to anticipate and to take steps against a criminal act of

a third-party arises only when the facts of the particular case make it reasonably foreseeable that a criminal act is likely to occur. *Welch v. Railroad Crossing, Inc.,* 488 N.E.2d 383, 388 (Ind.Ct.App.1986). Particular facts, which make it reasonably foreseeable, include the prior actions of the assailant either on the day of the act or on a previous occasion. *Id.*

██ Keeping with these principles, our supreme court has recently held that Indiana courts confronted with the issue of whether a landowner owes a duty to take reasonable care to protect an invitee from the criminal acts of a third party should apply the "totality of the circumstances" test to determine whether the crime in question was foreseeable. *Delta Tau Delta v. Johnson,* 712 N.E.2d 968, 973 (Ind. 1999); *see also Vernon v. Kroger Co.,* 712 N.E.2d 976 (Ind.1999); *L.W. v. Western Golf Ass'n,* 712 N.E.2d 983 (Ind.1999). When considering whether the totality of the circumstances supports the imposition of a duty, we look to "all of the circumstances surrounding an event, including the nature, condition, and location of the land, as well as prior similar incidents, to determine whether a criminal act was foreseeable." *Delta Tau Delta,* 712 N.E.2d at 972. "A substantial factor in the determination of duty is the number, nature, and location of prior similar incidents, but the lack of prior similar incidents will not preclude a claim where the landowner knew or should have known that the criminal act was foreseeable." *Id.* at 973. While landowners have no duty to ensure an invitee's safety, they do have a duty to take reasonable precautions to prevent foreseeable criminal acts against an invitee. *Id.*

██ We note, as did the trial court, that Merchant was shot on a public sidewalk just outside of Simrell's and, thus, Merchant was not actually on premises owned by the tavern when he was killed. While the totality of the circumstances test enunciated in *Delta Tau Delta* determines the premises liability of landowners to their invitees, we nevertheless conclude that the totality of the circumstances test is the appropriate analysis to be applied in the instant case. First, it is strikingly similar to our prior law regarding the duty of tavern owners to protect their patrons against the foreseeable criminal acts of third parties. Moreover, in *Vernon,* our supreme court recognized that an invitor's duty to exercise reasonable care extends to providing a safe and suitable means of ingress and egress for the invitee. *Vernon,* 712 N.E.2d at 979. Also, we had previously acknowledged in *Ember* that other jurisdictions have extended a tavern's duty to its patrons beyond the limits of the business property. *Ember,* 490 N.E.2d at 772. Indeed, "[a] duty of reasonable care may be extended beyond the business premises when it is reasonable for invitees to believe that the invitor controls premises adjacent to his own or where the invitor knows his invitees customarily use such adjacent premises in connection with the invitation." *Id.* (citing *Ollar v. Spakes,* 269 Ark. 488, 601 S.W.2d 868 (1980); *Chapman v. Parking, Inc.,* 329 S.W.2d 439 (Tex.Civ.App.1959) (both cases involved attacks in adjacent parking lots)); *see also Alholm v. Wilt,* 348 N.W.2d 106 (Minn.Ct.App.1984) (assault in public alley behind tavern). Because Merchant necessarily used the public sidewalk outside of Simrell's as a means of egress from the tavern's premises, we apply the totality of the circumstances test to determine whether Simrell's owed him a common law duty.

██ The record provides insufficient evidence for us to hold that Simrell's owed Merchant a duty to protect him from Brewer's criminal act. There is no evidence of any prior or similar shooting incidents outside of the tavern that would have alerted Simrell's to the likelihood that Brewer would shoot Merchant. The only evidence of prior incidents is testimony by a tavern employee that fights occurred outside the tavern "quite a bit." Supplemental Record at 7. This evidence is in-

sufficient to demonstrate that Merchant's shooting death was foreseeable. Additionally, there is nothing in the record to indicate that Simrell's had any knowledge that Brewer had the propensity to commit a criminal act, and further, there is no evidence that Merchant and Brewer had any contact while inside the tavern on the night in question to indicate hostility between the two. Under the totality of the circumstances presented here, we conclude, as a matter of law, that Simrell's did not have a duty to protect Merchant from the unforeseeable criminal act committed by Brewer.

### Issue Two: Assumed Duty

The Administrator maintains, in the alternative, that summary judgment was inappropriate because Simrell's assumed a duty to protect its patrons from the criminal acts of third persons. We disagree.

▉▉▉ As our supreme court recently reiterated, a duty may be imposed:

upon one who by affirmative conduct ... assumes to act, even gratuitously, for another to exercise care and skill in what he has undertaken. It is apparent that the actor must specifically undertake to perform the task he is charged with having performed negligently, for without actual assumption of the undertaking there can be no correlative legal duty to perform the undertaking carefully.

*Butler v. City of Peru,* 733 N.E.2d 912, 917 (2000) (citations omitted). The assumption of a duty creates a special relationship between the parties and a corresponding duty to act in the manner of a reasonably prudent person. *Delta Tau Delta,* 712 N.E.2d at 975. The existence and extent of such duty is ordinarily a question of fact for the trier of fact. *Id.* However, when the record contains insufficient evidence to establish an assumed duty, the court will decide the issue as a matter of law. *Id.* In other words, we may decide whether Simrell's assumed a duty toward Merchant only if there are no genuine issues of

material fact. *See Sizemore v. Templeton Oil Co.,* 724 N.E.2d 647, 651 (Ind.Ct.App. 2000).

In support of its argument that Simrell's assumed a duty to protect Merchant, the Administrator relies on our decision in *Ember.* In *Ember,* a tavern patron sued for negligence after being attacked and severely beaten by three men outside the tavern. *Ember,* 490 N.E.2d at 768. The trial court subsequently granted summary judgment in favor of the tavern. On appeal, we reversed the entry of summary judgment concluding that there were genuine issues of material fact regarding whether the tavern had gratuitously assumed a duty to its patron after he left the tavern's premises. *Id.* at 770. Particularly, we noted that the tavern took several affirmative actions indicating an intent to assume a duty, such as: (1) distributing flyers throughout the neighborhood asking residents to call the tavern if anyone was disturbing them, even if the disturbance was unrelated to the tavern, (2) informing the neighborhood that the tavern would provide security patrols in the area, and (3) writing a letter to the Indiana Alcoholic Beverage Commission detailing the steps it had taken to preserve peace and order in the vicinity of the tavern. *Id.*

▉▉▉ Here, unlike in *Ember,* there is no designated evidence that Simrell's, through affirmative conduct or agreement, gratuitously undertook a duty to protect Merchant from the unforeseeable criminal act of a third-party. The Administrator points to evidence that Simrell's provided security for its patrons on Thursday, Friday and Saturday nights when it featured a band. Supplemental Record at 20. However, it is undisputed that Merchant was shot on a Tuesday night. The evidence is insufficient to establish, as a matter of law, that Simrell's assumed a duty to protect Merchant from Brewer's criminal act.

The Administrator also relies on the fact that Simrell's ordered an intoxicated Mer-

chant to leave the premises as evidence that it assumed a duty to protect him. However, ordering a patron to leave a tavern is not an affirmative step to provide for that patron's safety. *See Fast Eddie's v. Hall,* 688 N.E.2d 1270, 1274 (Ind.Ct. App.1997), *trans. denied.* To impute a duty under such circumstances would essentially "require tavern owners to be the guarantors of each departing patron's safety," which we will not do. *Id.* We find no assumed duty.

### Issue Three: Dram Shop Act

We next address the Administrator's contention that the trial court erred when it concluded, as a matter of law, that Simrell's was not liable for Merchant's death under Indiana Code Section 7.1–5–10–15.5. Pursuant to the Dram Shop Act, a provider of alcoholic beverages is not liable in a civil action unless:

(1) the person furnishing the alcoholic beverage had actual knowledge that the person to whom the alcoholic beverage was furnished was visibly intoxicated at the time the alcoholic beverage was furnished; and,

(2) the intoxication of the person to whom the alcoholic beverage was furnished was a proximate cause of the death, injury, or damage alleged in the complaint.

IND.CODE § 7.1–5–10–15.5(b). Accordingly, even though a proprietor may have a statutory duty to refrain from providing alcoholic beverages to intoxicated persons, the proprietor will not be held liable unless the alleged violation is the proximate cause of the person's death or injury. *Fast Eddie's,* 688 N.E.2d at 1274. Indeed, proximate cause places an effective limit on dram shop liability. *National R.R. Passenger Corp. v. Everton,* 655 N.E.2d 360, 365 (Ind.Ct.App.1995), *trans. denied.*

 In determining whether an act is the proximate cause of another's injury, we consider whether the injury was the natural and probable consequence of the negligent act which, in light of the attending circumstances, could have been reason-

ably foreseen or anticipated. *St. John Town Bd. v. Lambert,* 725 N.E.2d 507, 520 (Ind.Ct.App.2000). To be considered a proximate cause, the negligent act must have set in motion a chain of circumstances which, in natural and continuous sequence, led to the resulting injury. *Id.* However, a willful, malicious criminal act of a third party is an intervening act that breaks the causal chain between the alleged negligence and the resulting harm. *Basicker ex rel. Johnson v. Denny's, Inc.,* 704 N.E.2d 1077, 1080 (Ind.Ct.App.1999), *trans. denied.* While proximate cause is generally a question of fact, it becomes a question of law where only a single conclusion can be drawn from the facts. *Id.*

 In the present case, even though a genuine issue of material fact exists as to whether Simrell's breached its statutory duty under the Dram Shop Act, any such breach was not the proximate cause of the resulting harm. Brewer's criminal act of shooting Merchant was an intervening criminal act that broke the causal chain between Simrell's alleged negligence and Merchant's death. Summary judgment was appropriate on this issue.

### Conclusion

In sum, Simrell's neither owed a common law duty based on a premises liability theory, nor assumed a duty to protect Merchant from Brewer's unforeseeable criminal act. Moreover, Simrell's is not liable for Merchant's death under the Dram Shop Act. The trial court properly entered summary judgment in favor of Simrell's.

Affirmed.

SHARPNACK, C.J., and BROOK, J., concur.