### ATFH REAL PROPERTY, LLC, Appellant/Plaintiff,

v.

Howard E. STEWART, JP Morgan Chase Bank, Equicrredit Corp. of America, GMAC Mortgage and all their husbands, wives, widows, widowers, heirs, devisees, successors, assigns, and all other persons claiming any right, title, or interest in the described real estate by, through, or under them or any other person or entity, the names of all of whom are unknown to the Plaintiff, Appellees/Defendants.

No. 49A02–0706–CV–536.

Court of Appeals of Indiana.

Jan. 31, 2008.

John E. Kolas, Slaughter & Kolas, Indianapolis, IN, Attorney for Appellant.

Bryan K. Redmond, Feiwell & Hannoy, P.C. Indianapolis, IN, Attorney for Appellee.

## OPINION

BRADFORD, Judge.

Appellant–Plaintiff ATFH Real Property, LLC, appeals from the trial court's entry of summary judgment in favor of Appellee–Defendant GMAC Mortgage ("GMAC"). We affirm.

## FACTS

On March 13, 2002, Howard Stewart filed for bankruptcy pursuant to Chapter 13 of the Federal Bankruptcy Code in the Southern District of Indiana. Among Stewart's assets was a house at 1841 North Bolton Avenue in Indianapolis, on which GMAC held a mortgage and promissory note. Pursuant to 11 U.S.C. § 362 (2002), Stewart's filing acted as a stay on, *inter alia*, "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]"

On April 20, 2004, GMAC filed a Motion for Abandonment and Relief from Stay. On July 27, 2004, the bankruptcy court approved an Agreed Entry that had been filed by GMAC and Stewart. The Agreed Entry provided that Stewart would continue to make various monthly payments to GMAC and that

> [i]n the event [Stewart] fails to make the Post–Petition Arrearage Payments, Post–Petition Payments or the Plan Payments on a timely basis, giving [Stewart] a ten (10) day grace period, upon counsel for [GMAC] filing a Notice of Non–Payment with the Court, the Court shall lift the automatic stay as it relates to [GMAC] and the Real Estate, and the Real Estate shall be abandoned to Creditor, all without further notice and hearing.

Appellee's App. p. 3.

On October 7, 2004, a tax lien on 1841 North Bolton was sold to American Tax Funding, LLC, in a Marion County tax sale. Marion County had not applied to the bankruptcy court for relief from the automatic stay. On November 11, 2004, American Tax assigned its tax sale lien to MJ Acquisitions, LLC. Meanwhile, on

April 19, 2005, GMAC notified the bankruptcy court that Stewart had defaulted under the terms of the Agreed Entry, and, two days later, the bankruptcy court modified the automatic stay so as to allow GMAC to foreclose its mortgage on 1841 North Bolton. Ultimately, Stewart's bankruptcy concluded under Chapter 7 of the Bankruptcy Code, and he was discharged on August 19, 2005.

On March 15, 2006, the Marion County Auditor issued a tax title deed to 1841 North Bolton to MJ Acquisitions, and, on March 29, MJ Acquisitions conveyed its interest in the property to ATFH. On May 25, 2006, ATFH filed an action to quiet title. On May 21, 2007, the trial court granted GMAC's motion for summary judgment and denied ATFH's.

### DISCUSSION AND DECISION

■ When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. *Merchants Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.,* 741 N.E.2d 383, 386 (Ind.Ct. App.2000). Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.* All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* The party appealing the summary judgment bears the burden of persuading us the trial court erred. *Id.*

■ "When the owner of real property fails to pay property taxes, the property may be sold to satisfy the delinquent taxes." *Dempsey v. Auditor of Marion County,* 871 N.E.2d 1031, 1034 (Ind.Ct. App.2007) (citing *Schaefer v. Kumar,* 804 N.E.2d 184, 191 (Ind.Ct.App.2004)), *trans.*

*pending.* "The process by which property is sold is governed by statute, and a valid sale requires material compliance with those statutes." *Id.* At such a "tax sale," when a bid from a member of the public equals at least the amount of the delinquent taxes (plus some miscellaneous expenses), the buyer receives a certificate of sale and a lien against the property in the amount paid. Ind.Code § § 6–1.1–24–5; – 9 (2004). This lien is superior to all other liens then extant against the property. Ind.Code § 6–1.1–24–5 (2004).

Any person, however, may redeem the real property in question by paying to the county treasurer an amount specified by Indiana Code section 6–1.1–25–2 (2004). Ind.Code § 6–1.1–25–1 (2004). If no redemption is made within the specified period, the purchaser of the tax lien (or his assignee) may then petition the court in which the judgment of sale was entered to order the auditor to issue a tax deed, which, when issued, vests in the grantee an estate in fee simple absolute. Ind.Code § 6–1.1–25–4.6 (2004).

■ As previously mentioned, the Bankruptcy Code provides for an automatic stay upon the filing of a petition, affecting, *inter alia,* "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" 11 U.S.C. § 362(a)(3). "There are two purposes behind the automatic stay: (1) to provide the debtor with a 'breathing spell' from creditors; and (2) to protect individual creditors from the effects of a 'race to the courthouse' and thereby promote equal treatment of creditors." *Matter of Isley,* 104 B.R. 673, 679 (Bankr.D.N.J.1989).

We have little trouble concluding that the purchase of the tax lien on 1841 North Bolton at the tax sale was an "act to obtain possession of property" for purposes of section 362(a)(3), even if the immediate

result was not actual possession. Quite simply, one cannot obtain possession of property from a tax sale without first purchasing the tax lien. Although the petition for issuance of the tax deed is the act that results in actual possession, it is only the last in a series of acts, all of which are necessary. As a necessary step in obtaining 1841 North Bolton, the purchase of the tax lien, even though not resulting in immediate possession, clearly qualifies as an act to obtain possession of that property. It should also be borne in mind that allowing such a sale to take place in spite of a stay would hardly advance the goal of providing the debtor a respite. Were such tax sales allowed, debtors such as Stewart would be in the position of having to redeem their property or lose it, all when their creditors are supposed to be kept at bay. As such, the tax sale and all proceedings flowing therefrom are void as violative of the automatic stay. *See Dempsey,* 871 N.E.2d at 1035 (citing *In re Calder,* 907 F.2d 953, 956 (10th Cir.1990)) ("Ordinarily, any action taken in violation of the stay is void and without effect.").[1]

The judgment of the trial court is affirmed.

BAKER, C.J., and DARDEN, J., concur.

---

1. ATFH contends that the July 27, 2004, Agreed Entry filed by GMAC and Stewart modified the stay such that the tax lien sale was not affected thereby. The Agreed Entry, however, did not in any way modify the stay at the time it was filed, but merely provided a mechanism whereby GMAC might be able to modify the stay at some point in the future in the event of a default by Stewart. (Appellee's App. 3). Even if the stay had been modified by the Agreed Entry, the modification would not have applied to tax lien holder Marion County, as the Agreed Entry provided that any future stay modification would only "lift the automatic stay *as it relates to Creditor [i.e.* GMAC,]" not all creditors. Appellee's App. 3 (emphasis added).