**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 24 2013, 8:48 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**MICHAEL L. MUENICH**
Griffith, Indiana

ATTORNEY FOR APPELLEE CIRCLE R ELECTRIC, INC.:

**MATTHEW J. HAGENOW**
Newby, Lewis, Kaminski & Jones, LLP
LaPorte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| BRANT CONSTRUCTION, LLC; and DUNE HARBOR, LLC, | ) | |
| | ) | |
| Appellants/Cross-Appellees/Defendants, | ) | |
| | ) | |
| vs. | ) | No. 64A03-1204-CC-159 |
| | ) | |
| CIRCLE R ELECTRIC, INC.; DeBOER EGOLF CORPORATION; AUDITOR, PORTER COUNTY, INDIANA; FIRST NATIONAL BANK OF ILLINOIS; and WACHOVIA FINANCIAL SERVICES, INC., | ) | |
| | ) | |
| Appellees/Cross-Appellants/Plaintiffs. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper, Judge
Cause No. 64D05-0907-CC-7800

**May 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BRADFORD, Judge**

Appellee/Cross-Appellant/Plaintiff Circle R Electric, Inc. ("Circle R") contracted to do work on land owned by Appellant/Cross-Appellee/Defendant Dune Harbor, LLC ("Dune Harbor") on a project for which Appellant/Cross-Appellee/Defendant Brant Construction, LLC ("Brant") served as the general contractor. Circle R contracted with both Dune Harbor ("the Dune Harbor Contract") and Brant ("the Brant Contracts") and performed work pursuant to the contracts. Dune Harbor subsequently experienced financing problems and Circle R was not paid. Dune Harbor failed to pay Circle R approximately $43,810 for work performed on the Project, and Brant failed to pay Circle R approximately $26,350.

Circle R filed suit against Dune Harbor and Brant, later amending its complaint to include DeBoer Egolf Corporation, which had filed mechanic's liens against Dune Harbor's property. Dune Harbor and Brant moved for summary judgment on the bases that (1) Circle R had not sought arbitration as required by the contracts and (2) payment to Circle R was not due pursuant to the Brant Contracts because Dune Harbor had never paid Brant. The trial court entered summary judgment in favor of Circle R. Dune Harbor and Brant now appeal, contending that the trial court erred in not enforcing the arbitration clauses and the contingent payment clauses of the Brant Contracts. Concluding that the trial court should have enforced the arbitration clauses of the Brant Contracts, we reverse the trial court's entry of summary judgment in favor of Circle R as against Brant. We affirm the trial court's entry of summary judgment in favor of Circle R as against Dune Harbor and remand for the calculation of attorneys' fees.

## FACTS AND PROCEDURAL HISTORY

2

Dune Harbor owned and was developing the Dune Harbor Marina project ("the Project") in 2006 and 2007 before financing was withdrawn. Brant acted as general contractor and construction manager for the Project. In February of 2006, Dune Harbor entered into contracts with some subcontractors on the Project, including Circle R and DeBoer Egolf. Dune Harbor is identified as "Owner" in the Dune Harbor Contract, and Brant, although not a party, is identified as Dune Harbor's "Construction Manager." The Dune Harbor Contract provides, in part, as follows:

6. Contract Sum
   Owner shall pay Subcontractor for the performance of the work, subject to additions and deductions by change order as hereinafter provided, the Contract Sum as specified in Item 1.a.(6) above, upon the terms and conditions hereinafter set forth.
7. Progress Payments (Also see Exhibit "A" – Billing Instructions, incorporated herein by reference)
   Owner agrees to pay Subcontractor, on account of the Contract Sum, progress payments for actual work performed to the satisfaction of the Construction Manager. Owner may, at his discretion, withhold from progress payments due Subcontractor; final payment to be made by Owner to Subcontractor upon acceptance by Owner.

Appellants' App. p. 34.

The Dune Harbor Contract also contains the following clauses:

13. Disputes
    In case of any dispute between the Subcontractor and Construction Manager, Subcontractor agrees to be bound to Construction Manager to the same extent that Construction Manager is bound to Owner by the terms of the Contract Documents[1] and by any and all decisions, interpretations, or determinations made thereunder by the persons so authorized in the Contract Documents. Subcontractor further agrees to be bound to Construction Manager to the same extent the Construction

---

[1] "The Contract Documents shall consist of this Agreement, the General Contract between Construction Manager and Owner (identified in item 1.a. (4) and the general and Special Conditions of the General Contract between Owner and Construction Manager (if any)." Appellants' App. p. 34.

Manager is bound to Owner by the final decision of a court of competent jurisdiction, whether or not Subcontractor is a party to such proceedings.
....

14. Arbitration

If at any time any controversy should arise between the Construction Manager and Subcontractor with respect to any matter or thing involved in the Contract Documents o[r] the performance thereof, which controversy is not controlled or determined by paragraph 13 hereof or other provisions of the Contract Documents, then the decision of the Construction Manager shall be followed by the Subcontractor, and said controversy shall be ultimately resolved as follows:

a. The Subcontractor shall conclusively be bound by and abide by the Construction Manager's decision, unless the Subcontractor shall commence arbitration proceedings as hereinafter provided within ninety (90) days following such decision.

b. If the Subcontractor decided to appeal from the decision of the Construction Manager, then the controversy shall be decided by arbitration in accordance with the rules of the American Arbitration Association, and the decision of the Arbitrator shall be final and binding on both parties.

Appellants' App. p. 36.

Finally, the Dune Harbor Contract contains the following provision regarding attorneys' fees:

31. Attorneys' Fees

In the event either party to this Agreement employs attorneys or incurs other expenses it may deem necessary to protect or enforce their rights under the Contract Documents, then the non-prevailing party in such dispute agrees to reimburse such expenses to the prevailing party, including, but not limited to, attorney's [sic] fees incurred by the prevailing party.

Appellants' App. p. 40.

Between October 23, 2006, and May 7, 2007, and for certain specific work, Circle R entered into the Brant Contracts, contracts to which Dune Harbor was not a party but in which it is identified as the "Owner." The contracts provided in part as follows:

4

6. Contract Sum
   Contractor shall pay Subcontractor for the performance of the work, subject to additions and deductions by change order as hereinafter provided, the Contract Sum as specified in Item 1.a.(6) above, upon the terms and conditions hereinafter set forth.

7. Progress Payments (Also see Exhibit "A" – Billing Instructions, incorporated herein by reference)
   Contractor agrees to pay Subcontractor, on account of the Contract Sum, progress payments for actual work performed to the satisfaction of the Contractor. Said progress payments shall be made on the basis of, and only to the extent of, payments actually received by Contractor from the Owner, less a retainage as per Item 1.a.(7) above, which Contractor may, at his discretion, withhold from progress payments due Subcontractor; final payment to be made by Contractor to Subcontractor upon acceptance of work and payment by Owner.

Appellants' App. pp. 48, 61, 74, 88.

The Brant Contracts also contained the following clause:

13. Disputes
    In case of any dispute between the Subcontractor and Contractor, Subcontractor agrees to be bound to Contractor to the same extent that Contractor is bound to Owner by the terms of the Contract Documents[2] and by any and all decisions, interpretations, or determinations made thereunder by the persons so authorized in the Contract Documents. Subcontractor further agrees to be bound to Contractor to the same extent the Contractor is bound to Owner by the final decision of a court of competent jurisdiction, whether or not Subcontractor is a party to such proceedings.
    ….

14. Arbitration
    If at any time any controversy should arise between the Contractor and Subcontractor with respect to any matter or thing involved in the Contract Documents o[r] the performance thereof, which controversy is not controlled or determined by paragraph 13 hereof or other provisions of the Contract Documents, then the decision of the Contractor shall be followed by the Subcontractor, and said controversy shall be ultimately resolved as follows:

---

[2] "The Contract Documents shall consist of this Agreement, the General Contract between Contractor and Owner (identified in item 1.a. (4) and the general and Special Conditions of the General Contract between Owner and Contractor (if any)." Appellants' App. pp. 48, 61, 74, 88.

5

a. The Subcontractor shall conclusively be bound by and abide by the Contractor's decision, unless the Subcontractor shall commence arbitration proceedings as hereinafter provided within ninety (90) days following such decision.

b. If the Subcontractor decided to appeal from the decision of the Contractor, then the controversy shall be decided by arbitration in accordance with the rules of the American Arbitration Association, and the decision of the Arbitrator shall be final and binding on both parties.

Appellants' App. pp. 50, 63, 76, 90.

Finally, the Brant Contracts contained the following clause regarding attorneys' fees:

32. Attorneys' Fees
In the event "either party" employs attorneys or incurs other expenses it may deem necessary to protect or enforce its rights under the Contract Documents (or in connection with any work done or agreed to be done by Subcontractor on this construction project), therefore "the non-prevailing party in any dispute shall reimburse the prevailing party for all attorneys [sic] fees and expenses incurred by the prevailing party."

Appellants' App. pp. 54, 67, 80, 94.

Circle R performed work and provided materials pursuant to the Dune Harbor Contract and Brant Contracts, and, after funding for the Project was withdrawn in November of 2007, Dune Harbor ceased payments to Brant and its subcontractors. Brant admits that it failed to pay Circle R $26,354.71 for work performed, and Dune Harbor admits that it failed to pay Circle R $43,810. On February 13, 2009, Circle R recorded its notice of intent to hold a mechanic's lien in the Porter County Recorder's Office. On August 31, 2009, Brant informed Circle R that it would not be paid because Dune Harbor had not paid Brant.

6

On August 31, 2009, Circle R filed suit against Dune Harbor and Brant, later amending the complaint to add DeBoer Egolf, which had filed a mechanic's lien against the Property. On May 6, 2011, Dune Harbor and Brant moved for summary judgment against Circle R on the ground that Circle R had not sought arbitration and that payment was not due because Dune Harbor had not paid Brant. On December 21, 2011, the trial court entered summary judgment in favor of Circle R. The trial court entered judgment in favor of Circle R as against Brant in the amount of $43,810[3] plus $13,000 in attorneys' fees and $146 in costs for a total of $56,956. The trial court entered summary judgment in favor of Circle R as against Dune Harbor in the amount of $26,354 plus $13,000 in attorneys' fees for a total of $39,354.

## DISCUSSION AND DECISION

### I. Whether the Trial Court Erred in Granting Summary Judgment in Favor of Circle R

When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. *Merchs. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 386 (Ind. Ct. App. 2000). Summary judgment is appropriate only where the evidence shows that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* To prevail on a motion for summary judgment, a party must demonstrate that

---

[3] As Circle R points out, the trial court, in an apparent scrivener's error, switched the amounts owed by Dune Harbor and Brant. Neither Dune Harbor nor Brant disputes this, so we shall proceed as if the trial court had entered summary judgment against Brant in the amount of $39,500 and against Dune Harbor in the amount of $56,810.

the undisputed material facts negate at least one element of the other party's claim. *Id.* Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* The party appealing the summary judgment bears the burden of persuading us that the trial court erred. *Id.*

Appellants' claims are based on provisions of the Dune Harbor Contract and Brant Contracts. "The first rule in the interpretation of contracts is to give meaning and effect to the intention of the parties as expressed in the language of the contract." *Stech v. Panel Mart, Inc.*, 434 N.E.2d 97, 100 (Ind. Ct. App. 1982). "In ascertaining the intention of the parties, a court must construe the instrument as a whole, giving effect to every portion, if possible." *Id.* "In interpreting an unambiguous contract, a court gives effect to the parties' intentions as expressed in the four corners of the instrument, and clear, plain, and unambiguous terms are conclusive of that intent." *Oxford Fin. Group, Ltd. v. Evans*, 795 N.E.2d 1135, 1142 (citing *Hyperbaric Oxygen Therapy Sys., Inc. v. St. Joseph Med. Ctr. of Ft. Wayne, Inc.*, 683 N.E.2d 243, 247 (Ind. Ct. App. 1997)). "Courts may not construe clear and unambiguous provisions, nor may it add provisions not agreed upon by the parties." *Id.* (Ind. Ct. App. 2003) (citing *Hyperbaric Oxygen Therapy Sys.*, 683 N.E.2d at 247-48). However, it is well-settled that "[i]f the terms of a written contract are ambiguous, it is the responsibility of the trier-of-fact to ascertain the facts necessary to construe the contract." *Newnam Mfg., Inc. v. Transcon. Ins. Co.*, 871 N.E.2d 396, 401 (Ind. Ct. App. 2007). "A contract is ambiguous only if reasonable persons would differ

as to the meaning of its terms." *Oxford Fin. Group*, 795 N.E.2d at 1142 (citing *Beam v. Wausau Ins. Co.*, 765 N.E.2d 524, 528 (Ind. 2002)).

### A. Arbitration Clauses

> Whether the parties agreed to arbitrate any disputes is a matter of contract interpretation, and most importantly, a matter of the parties' intent. *AGCO Corp. v. Anglin*, 216 F.3d 589, 593 (7th Cir.2000) ("As with any contract, the touchstone for interpreting an arbitration clause must be the intention of the parties."). "Courts in Indiana have long recognized the freedom of parties to enter into contracts and have presumed that contracts represent the freely bargained agreement of the parties." *Trimble v. Ameritech Publ'g, Inc.*, 700 N.E.2d 1128, 1129 (Ind.1998); *Cont'l Basketball Ass'n v. Ellenstein Enters.*, 669 N.E.2d 134, 140 (Ind.1996).

*MPACT Const. Grp., LLC v. Superior Concrete Constructors, Inc.*, 802 N.E.2d 901, 906 (Ind. 2004). "Moreover, '[w]hen construing arbitration agreements, every doubt is to be resolved in favor of arbitration' and the 'parties are bound to arbitrate all matters, not explicitly excluded, that reasonably fit within the language used.'" *St. John Sanitary Dist. v. Town of Schererville*, 621 N.E.2d 1160, 1162 (Ind. Ct. App. 1993) (quoting *Ziegler v. Whale Secs. Co., L.P.*, 786 F. Supp. 739, 741 (N.D. Ind. 1992)).

In both the Dune Harbor Contract and Brant Contracts, Circle R agreed to be bound and abide by Brant's decision regarding "any controversy" arising between it and Brant "with respect to any matter or thing involved in the Contract Documents o[r] the performance thereof" unless commencing arbitration within ninety days of the decision. Appellants' App. pp. 36, 63. Dune Harbor and Brant argue that Circle R's only recourse in the disputes at issue in this case was to submit the matters to arbitration, which it did not do. Circle R argues that, for various reasons, it was not required to submit these matters to arbitration.

### 1. Dune Harbor Contract

Circle R argues that the arbitration clause in the Dune Harbor Contract does not apply in this case because the controversy pursuant to that contract arose between it and Dune Harbor, not Brant. We agree. The Dune Harbor Contract obligated Dune Harbor to pay Circle R directly for its work on the Project, and it is undisputed that Dune Harbor did not. This can only be fairly characterized as a controversy arising between Dune Harbor and Circle R, and the arbitration clause in the Dune Harbor Contract applies only to controversies arising between *Brant* and Circle R. The trial court correctly concluded that the arbitration clause in the Dune Harbor Contract did not bar the entry of summary judgment in favor of Circle R.

### 2. Brant Contracts

Circle R argues that the arbitration clauses in the Brant Contracts do not apply because the clauses apply only to "controvers[ies] not controlled or determined by paragraph 13 hereof or other provisions of the Contract Documents." Appellants' App. pp. 50, 63, 76, 90. Circle R reasons that because payment was addressed under provisions of the Contract Documents, payment disputes are not covered by the arbitration clause. We cannot accept that interpretation of the language cited above. First, while other provisions of the Contract Documents do address payment, they do not control or determine *controversies* regarding payment. Paragraph 13 serves to remove some controversies from the scope of the arbitration clause, but Circle R points to no similar provision that does the same to payment controversies.

10

Second, to accept Circle R's argument on this point would be to render the arbitration clause meaningless. Any controversy arising between Brant and Circle R regarding the Brant Contracts will necessarily have arisen pursuant to some provision of those contracts, so to accept Circle R's argument on this point would mean that the arbitration clause would never apply. "A court should construe the language of a contract so as not to render any words, phrases, or terms ineffective or meaningless." *State Farm Mut. Auto. Ins. Co. v. D'Angelo*, 875 N.E.2d 789, 796 (Ind. Ct. App. 2007), *trans. denied*. "Generally, the courts should presume that all provisions included in a contract are there for a purpose[.]" *Indpls.-Marion Cnty. Pub. Library v. Shook*, LLC, 835 N.E.2d 533, 541 (Ind. Ct. App. 2005). We conclude that the trial court erred in concluding that the arbitration clause did not apply to the controversy between Circle R and Brant. By failing to seek arbitration within ninety days of Brant's decision not to pay, that decision became binding on Circle R. We therefore remand with instructions to enter summary judgment in favor of Brant with regard to the Brant Contracts.[4]

## B. Payment Provisions

As we have already concluded that the trial court should have entered summary judgment in favor of Brant with regard to its contracts with Circle R, the only contract left is the Dune Harbor Contract. Although Brant argues that it was not obligated to pay Circle R because it was never paid by Dune Harbor (an argument we need not reach),

---

[4] Circle R argues that Brant has waived the arbitration argument by failing to file a motion to compel arbitration and because they have actively litigated the issue. We disagree. The arbitration clauses clearly put the onus on Circle R to commence arbitration, and we will not punish Brant for defending itself in litigation initiated, after all, by Circle R.

Dune Harbor does not, and cannot, make the same argument. The plain language of the Dune Harbor Contract obligates Dune Harbor to pay Circle R directly, which it did not do. In other words, Dune Harbor has effectively conceded that it owes Circle R $43,810 pursuant to the Dune Harbor Contract. The trial court correctly entered summary judgment in favor of Circle R as to Dune Harbor.

## II. Attorneys' Fees

Both the Dune Harbor Contract and the Brant Contracts provide that the non-prevailing party is required to reimburse expenses incurred to enforce rights by the prevailing party. We affirm the trial court's award of $13,000 in attorneys' fees to Circle R pursuant to the Dune Harbor Contract. We remand, however, for the calculation and award of (1) additional attorneys' fees and expenses incurred by Circle R in this appeal related to claims arising under the Dune Harbor Contract and (2) attorneys' fees and expenses incurred by Brant pursuant to Circle R's claims pursuant to the Brant Contracts.

## CONCLUSION

We affirm the trial court's entry of summary judgment in favor of Circle R pursuant to the Dune Harbor Contract in the amount of $56,810. We reverse the trial court's entry of summary judgment in favor of Circle R pursuant to the Brant Contracts and remand with instructions to enter judgment in favor of Brant on those claims. We also instruct the trial court to conduct further proceedings in order to calculate and award attorneys' fees and expenses incurred by Circle R and Brant.

The judgment of the trial court is affirmed in part, reversed in part, and remanded with instructions.

12

RILEY, J., and BROWN, J., concur.