

**FILED**
Jan 15 2014, 6:04 am

**CLERK**
of the supreme court,
court of appeals and
tax court

# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**CAROLYN M. TRIER**
Trier Law Office
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**BRENT E. INABNIT**
**CHRISTOPHER M. KEEFER**
Sopko, Nussbaum, Inabnit & Kaczmarek
South Bend, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| THE CITY OF FORT WAYNE, | ) | |
| | ) | |
| Appellant/Plaintiff/Counter-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 02A04-1307-CT-366 |
| | ) | |
| NORTHERN INDIANA PUBLIC SERVICE | ) | |
| COMPANY and NISOURCE, INC., | ) | |
| | ) | |
| Appellees/Defendants/Counter-Plaintiffs. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Stanley A. Levine, Judge
Cause No. 02D01-1101-CT-2

**January 15, 2014**

**OPINION - FOR PUBLICATION**

**BRADFORD, Judge**

**CASE SUMMARY**

In 2009, Appellee/Defendant/Counter-Plaintiff Northern Indiana Public Service Company ("NIPSCO") hired a contractor to perform remediation work on land it owns in Fort Wayne. The remediation project was designed to address contamination and involved excavation and construction of an underground monolith. NIPSCO requested information from Appellant/Plaintiff/Counter-Defendant the City of Fort Wayne ("the City") regarding the locations of underground facilities operated by the City, information the City subsequently provided. As it happened, the information was incorrect regarding the location of an underground drain, and NIPSCO's contractor damaged the drain, causing flooding in the area. The City brought suit against NIPSCO and NiSource, NIPSCO's sole shareholder and corporate parent. Ultimately, the trial court granted NiSource's motion to dismiss[1] and NIPSCO's motion for summary judgment. The City now appeals, contending that the trial court erred in striking portions of an affidavit it designated, in failing to strike portions of an affidavit designated by NIPSCO, and in granting summary judgment in favor of NIPSCO. We conclude that the City's failure to discharge its statutory duties to provide accurate locations of its underground facilities to NIPSCO is dispositive of all claims on appeal, and we affirm.

**FACTS AND PROCEDURAL HISTORY**

In Fort Wayne, there is 48-inch drain identified as M10 264 and M10 373 running

---

[1] The City does not appeal the grant of NiSource's motion to dismiss.

generally east-west under Duck Street ("the Duck Street Drain"). According to the City's maps, the Duck Street Drain intersects with a drain running generally north-south under Barr Street ("the Barr Street Drain") directly under the intersection of Duck and Barr. In reality, the Barr Street Drain veers to the northeast at some point South of the intersection and therefore drains into the Duck Street Drain some distance to the east of the intersection. In 2000, NIPSCO hired Reynolds, Inc., to rehabilitate the Duck Street Drain on its property, a project that included isolation of the drain, televising the drain, and installing an appropriate drain liner. Measurements taken by Reynolds at the time seem to indicate the Barr Street Drain intersecting with the Duck Street Drain east of the intersection.

On July 22, 2008, NIPSCO and the City entered into a Remedial Work Plan to address contamination believed to have been caused by the operation of a manufactured gas plant located near Barr and Superior Streets in Fort Wayne. The project was designed to accomplish in situ solidification of certain subsurface materials, which, *inter alia*, involved NIPSCO auguring soil in a designated area and creating an underground monolith with a concrete-like substance.

Prior to performing the work and pursuant to the Indiana Damage to Underground Facilities Act ("DUFA"), NIPSCO's contractor WRS Compass Environmental notified the Indiana Underground Plant Protection Service ("IUPPS") of its intent to excavate and requested "locates" of all underground facilities in the area. The City subsequently provided locates of certain underground facilities in the area. The City's utility maps failed to indicate that the Barr Street Drain veered to the northeast and drained into the Duck Street Drain to

3

the east of the intersection of the two streets. WRS Compass began work on the project in January of 2009 and completed it in or around May of 2009. In February, March, April, May, and July of 2009, the site near the remediation experienced flooding, and it was discovered that the Barr Street Drain had been crushed and clogged by the concrete-like material placed in the ground as part of the remediation project.

On January 3, 2011, the City brought suit against NIPSCO and NiSource, alleging negligence on the part of NIPSCO that led to the City incurring monetary losses. On March 18, 2011, NIPSCO and NiSource answered the City's claim, and NIPSCO asserted a counterclaim. On March 24, 2011, the City answered NIPSCO's counterclaim. On October 29, 2012, NIPSCO and NiSource moved for partial summary judgment and NiSource filed a motion to dismiss. NIPSCO designated the affidavit of Mark Okin. On January 9, 2013, the City responded to NIPSCO's and NiSource's motions, designating the affidavit of Mike Hicks in support of its response to NIPSCO's summary judgment motion and moving to strike portions of Okin's affidavit. On February 22, 2013, NIPSCO and NiSource filed reply briefs in response of their dispositive motions and also moved to strike portions of Hick's affidavit.

On May 13, 2013, the trial court held a hearing on the parties' pending motions, during which it granted in part and denied in part the cross-motions to strike and granted NiSource's motion to dismiss. On June 21, 2013, the trial court granted summary judgment in favor of NIPSCO.

**DISCUSSION AND DECISION**

When reviewing the grant or denial of a summary judgment motion, we apply the same standard as the trial court. *Merchs. Nat'l Bank v. Simrell's Sports Bar & Grill, Inc.*, 741 N.E.2d 383, 386 (Ind. Ct. App. 2000). Summary judgment is appropriate only where the evidence shows there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *Id.*; Ind. Trial Rule 56(C). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Id.* To prevail on a motion for summary judgment, a party must demonstrate that the undisputed material facts negate at least one element of the other party's claim. *Id.* Once the moving party has met this burden with a prima facie showing, the burden shifts to the nonmoving party to establish that a genuine issue does in fact exist. *Id.* The party appealing the summary judgment bears the burden of persuading us that the trial court erred. *Id.*

**I. Did the Trial Court Err in Concluding that the City Failed to Comply with DUFA**

The City contends that the trial court erred in concluding that it failed to comply with the requirements for operators of underground facilities pursuant to DUFA, or Indiana Code chapter 8-1-26. DUFA details the responsibilities of both operators and those wishing to excavate in the area of underground facilities:

> [A] person may not excavate real property or demolish a structure that is served or was previously served by an underground facility without first ascertaining in the manner prescribed by sections 16 and 18 of this chapter the location of all underground facilities in the area affected by the proposed excavation or demolition.

Ind. Code § 8-1-26-14. At all times relevant to this appeal, section 16 of DUFA provided

5

that "before commencing an excavation or demolition operation described in section 14 of this chapter each person responsible for the excavation or demolition shall … serve notice on the [IUPPS] of the person's intent to excavate or demolish[.]"

In return, the operator of any underground facilities, in this case the City,

shall, in two (2) full working days after receiving the notice of intent provided in section 16 of this chapter, supply to the person responsible for the excavation or demolition the following information, using maps when appropriate:
(1) The approximate location and description of all the operator's underground facilities that may be damaged as a result of the excavation or demolition.
(2) The location and description of all facility markers indicating the approximate location of the underground facilities.
(3) Any other information that would assist that person in locating and avoiding damage to the underground facilities, including providing adequate temporary markings indicating the approximate location of the underground facility and locations where permanent facility markers do not exist.

Ind. Code § 8-1-26-18(a).

Finally, section 22 provides in relevant part as follows:

(a) If an operator suffers a pecuniary loss as a result of a violation of this chapter, the operator may bring a civil action against the person who caused the loss for the following:
(1) An amount equal to the operator's actual damage to the facility.
(2) The costs of the action.
(3) A reasonable attorney's fee.
(b) At the court's discretion, a court having jurisdiction may award punitive damages up to three (3) times the operator's actual damage.
(c) *It is a defense to an action brought under this chapter if an operator fails to comply with the duties imposed under this chapter.*

(Emphasis added).

We conclude first that the designated evidence establishes that NIPSCO discharged its

duties pursuant to DUFA as a matter of law, *i.e.*, it is undisputed that NIPSCO notified IUPPS of its intent to excavate in the remediation area. This notice placed the onus on the City to then provide NIPSCO with the information detailed in DUFA section 18(a), including the location of all of its underground facilities. The City contends that it satisfied the DUFA locate requirements by "identif[ying] the location of the [Barr Street Drain] based on the best information that the City had." Appellant's Br. p. 28. At the same time, the City acknowledges that the City's map "did not show the [Barr Street Drain] running north diagonally into the [Duck Street Drain] at 49 feet." Appellant's Br. pp. 27-28. Essentially, the City is arguing that it complied with DUFA's requirements by providing NIPSCO with the best information in its possession, however inaccurate it may have been. DUFA, however contains no provision for good faith compliance. Section 18(a) provides that an operator "shall" provide the approximate[2] locations of its underground facilities, and, for whatever reason, the City failed to do so. Because the City failed to comply with the requirements of section 18(a), NIPSCO was given a full defense to the City's action against it pursuant to section 22(c). The trial court correctly entered summary judgment in favor of NIPSCO.

## II. Did the Trial Court Err in Failing to Address Whether NIPSCO Had a Common Law Duty not to Crush the Sewer Line

The City also argues that even if it failed to comply with DUFA's requirements, it still has a common-law negligence action against NIPSCO. We conclude, however, that any

---

[2] "As used in this chapter, 'approximate location' means a strip of land at least four (4) feet wide but not wider than the width of the underground facility plus two (2) feet on either side of the outer limits of the

7

common-law action that the City might have had at one time against NIPSCO has been abrogated by enactment of DUFA. "We presume that the legislature does not intend by the enactment of a statute to make any change in the common law beyond what it declares, either in express terms or by unmistakable implication." *Rocca v. S. Hills Counseling Ctr., Inc.*, 671 N.E.2d 913, 920 (Ind. Ct. App. 1996) (citation omitted). However, "[a]n abrogation of the common law will be implied where a statute is enacted which undertakes to cover the entire subject treated and was clearly designed as a substitute for the common law or where the two laws are so repugnant that both in reason may not stand." *Id.* DUFA governs the relationship between and responsibilities of operators of underground facilities and those who wish to excavate or build in the vicinity of those facilities. Most significantly for this case, DUFA provides a cause of action for operators who suffer a pecuniary loss due to a violation of DUFA, allowing the operator to recover actual damages, costs, attorney's fees, and possible punitive damages. *See* Ind. Code § 8-1-26-22(a), -22(b). The General Assembly also saw fit to provide a defense to that action in case the operator failed to discharge its duties imposed by DUFA. We doubt very seriously that the General Assembly intended that an operator who lost his cause of action pursuant to DUFA would still be able to recover under another theory. To the extent that the trial court did not consider the City's argument that it had a common-law claim against NIPSCO, it did not err in so doing. In summary, we conclude that the trial court properly granted summary judgment in favor of NIPSCO.

---

physical plant." Ind. Code § 8-1-26-2. The City does not argue that the discrepancy between its maps and the true location of the Barr Street Drain falls within these limits.

The judgment of the trial court is affirmed.[3]

MATHIAS, J., and PYLE, J., concur.

---

[3] We need not address the City's claims on appeal related to the trial court's striking of portions of Hicks's affidavit and refusing to strike portions of Okin's. The portions of Hicks's affidavit at issue relate to number of times WRS Compass "followed up" with the City regarding the location of underground facilities and indicate that WRS Compass acted in reliance on the City's information. These averments, even assuming they are true, are irrelevant. DUFA requires the City to provide the location of underground facilities upon request, there is no requirement for "follow-up," and what WRS Compass did or did not do has nothing to do with the City's duties.

The portions of Okin's affidavit at issue relate to the City's argument that NIPSCO's alleged knowledge of the true location of the Barr Street Drain somehow relieved it of its obligations pursuant to DUFA. Again, even if NIPSCO did have knowledge of the true path of the Barr Street Drain, such knowledge would be irrelevant pursuant to DUFA, as there is no exception in DUFA for such circumstances.

9